WILLIAM NEWBY v. W. T. GUNN AND J. A. BOOTHE.

No. 6337.

**Arrest.**—It is no defense in a suit for false imprisonment against a sheriff who made an arrest without warrant that he arrested the plaintiff on information received from a reputable citizen that the plaintiff was suspected and was accused of the crime of theft and was making his escape when arrested.

APPEAL from Lamar.    Tried below before Hon. D. H. Scott.

Appellant was arrested by appellee J. A. Boothe, deputy sheriff of Lamar County, under instructions from appellee W. T. Gunn, sheriff of that county.   After arrest appellees confined appellant in jail and there detained him four days without having carried him before a magistrate or giving him an opportunity to give bail for his appearance.   There was no warrant or order for the arrest, but the same was made apparently on the strength of a telephone message from Honey Grove sent to Boothe, and at his request, by one Smith, hotel keeper; and four days later one Kelso, who lost a coat at Smith's hotel about October, 1884, came to Paris and refusing to claim the coat alleged to have been stolen, appellant was discharged by the sheriff.

Appellant brought suit for damages for false imprisonment, alleging that he was arrested by the appellees without warrant, order, or legal authority, and without having any examination was confined in jail by appellees for four days during extremely cold weather, and that said confinement seriously injured his health, and that he suffered in his good name, and his feelings were much hurt, etc.

Appellees answered by way of confession and avoidance, admitting the truth of plaintiff's allegations, but sought to justify themselves for the arrest by alleging "that on the day the arrest was made these defendants were informed by one P. G. Kelso, a reputable citizen of Fannin County, Texas, that the plaintiff was suspected and was guilty of a crime, to-wit, theft of a coat, describing it, and was making his escape, and at the same time requested defendants to arrest plaintiff therefor.   Said information was communicated to them by said Kelso from Honey Grove, Fannin County, Texas, a distance of about twenty miles, by means of a telephone."

Upon the petition and answer the parties went to trial. No jury was demanded, and the court without filing conclusions of fact or law gave a general judgment in favor of appellees.

*F. W. Miner,* for appellant.—A judgment that conforms neither to the pleadings nor the case proved is erroneous and should be set aside on appeal therefrom. Rev. Stats., art. 135.

*Hale & Hale,* for appellees.—A peace officer may arrest a person upon the representation of a credible person that a felony has been committed, etc. Penal Code, art. 229, *et seq.*

ACKER, PRESIDING JUDGE.—Appellant brought this suit against appellees to recover damages for false imprisonment, and alleged that he was arrested by appellees without warrant, order, or legal authority, and without any examination was confined in jail by appellees for four days during extremely cold weather, which caused serious injury to his health, good name, and feelings.

The answer of appellees admitted the arrest and confinement as alleged, and pleaded in justification that the arrest was made on informatian received from a reputable citizen that plaintiff was suspected and was guilty of the theft of a coat, and was making his escape.

The trial was without a jury and resulted in judgment for appellees.

An officer or any other person may arrest without warrant for a felony or an offense against the public peace committed in his presence, or a peace officer may arrest without warrant on verbal order of a magistrate for a felony or breach of the peace committed in the presence or view of such magistrate; or such officer may arrest without warrant when it is shown by satisfactory proof of a creditable person that a felony has been committed and that the offender is about to escape. But in all the cases enumerated the person making the arrest is required to immediately take the person arrested before the magistrate who may have ordered the arrest, or before the nearest magistrate where the arrest was made without an order. Title 5, ch. 1, Code Crim. Proc.

Neither the allegations of the answer nor the evidence adduced upon the trial show any defense to the case made by the allegations of the petition, and we think the first assignment, that the judgment is contrary to the law and the evidence, is well taken.

We are therefore of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 25, 1889.