## C. O. COFFIN V. SILVERIO VARILA.
### No. 463.

1. **False Imprisonment by Wrongful Arrest—Void Warrant.**—In an action for false imprisonment, where neither the complaint nor the warrant issued thereon by virtue of which the plaintiff is arrested charges any offense, it was the duty of the court to so instruct the jury, and that they did not justify the arrest.

2. **Same—Liability of Parties.**—One who causes the arrest and imprisonment of another by making a pretended affidavit on which the magistrate issues a void warrant, is liable in damages therefor, and the person injured may treat each or all concerned in the injury as one party.

3. **Same—Charge of Court—Injury to Feelings.**—The court charged the jury to take into consideration any physical injury which the arrested party may have sustained by the arrest, together with any injury to her feelings resulting therefrom. There was evidence to show that her arm was bruised, and that she suffered physical pain in consequence, though she may have suffered no mental pain. *Held*, that the evidence authorized the charge.

4. **Measure of Damages for Personal Injury.**—In an action for damages for personal injury, a verdict will not be set aside as excessive or inadequate, unless it appears that the jury acted under bias, prejudice, or improper influence, or have made some mistake of fact or law.

APPEAL from El Paso.    Tried below before Hon. C. N. BUCKLER.

*Leigh Clark* and *Millard Patterson*, for appellant.—1. The charge of the court erroneously assumes as a question of fact and of law, that the complaint made and written out by said justice or under his direction, and upon which the justice issued the warrant in question, was the same complaint made and intended to be made by appellant. Penal Code, art. 683; Gen. Laws 1889, p. 35; Moak's Underhill on Torts, 1 Am. ed., 174, 195; Goodrich v. Warner, 21 Conn., 432; Richter v. Koster, 45 Ind., 440; Garvey v. Wayson, 42 Md., 178; Brown v. Chadsey, 39 Barb., 253; Farnam v. Feely, 56 N. Y., 452.

2. The person who responds to the call of one whom he knows to be an officer, is protected by the call from being sued for rendering the requisite assistance. Bacon's Adridg., 610; Newell on Mal. Pros., 190; Rice v. Reed, 2 J. J. Mar., 44; Code Crim. Proc., arts. 47, 246; Penal Code, art. 229.

3. The court erred in charging that "the question as to whether or not the said Concepcion Chavis was rightfully or wrongfully in the house referred to in evidence, or whether it did or did not belong to the defendant, or to the plaintiff, are questions which should not be considered by you in arriving at a verdict in the case." Hanna v. Hanna, 3 Texas Civ. App., 53, 54; Field on Dam., sec. 682; Hays v. Creary, 60 Texas, 445; Moak's Underhill on Torts, 1 Am. ed., 187; Coburn v. Goodall, 14 Pac. Rep., 196; Walker v. Brown, 66 Texas, 556; Machon v. Randle, 66 Texas, 282.

4. The verdict is excessive, and evinces prejudice and passion upon the part of the jury. Ogg v. Murdock, 25 W. Va., 139; Newton v. Locklin, 77 Ill., 103; Woodward v. Glidden, 33 Minn., 108.

*A. G. Wilcox*, for appellee.—The evidence being sufficient to author-ize a verdict, this court will not reverse this case without some substan-tial injury has been done to defendant by the charge of the court. Willson's Crim. Code, art. 573; Barnette v. Hicks, 6 Texas, 353; Gas-ton v. Dashiell, 55 Texas, 508; Bowles v. Brice, 66 Texas, 731. Atkin-son v. Ward, 61 Texas, 383.

NEILL, ASSOCIATE JUSTICE.—The appellee sued appellant to re-cover $2000 damages for wrongfully imprisoning his wife. Upon the trial the jury returned a verdict in his favor for $300, upon which the judgment was entered from which this appeal is prosecuted.

*Conclusions of Fact.*—On the 1st day of March, 1891, appellant, who wanted to obtain possession of a certain house claimed by his mother, which on that day had been entered by appellee and his family, went before a justice of the peace, told him he wanted redress, and made and swore to a complaint, which is as follows:

"THE STATE OF TEXAS, ⎰
    "County of El Paso. ⎱

"On this day personally appeared before the undersigned authority C. O. Coffin, who, after being by me duly sworn, deposes and says, that heretofore, on or about the 1st day of March, in the year of our Lord one thousand eight hundred and ninety-one, in the said county of El Paso and State of Texas, Silverio Varela, S. Varela, and Concepcion Chavis, late of said county and State, did then and there unlawfully, willfully, fraudulently, without authority of affiant, maliciously enter certain real property then and there belonging to affiant, to wit, a cer-tain house in the county of El Paso, in the city of El Paso, in the State of Texas, situated on Stanton street, in said city, upon certain lots now unknown to the affiant by number. Contrary to the form of the stat-ute in such cases made and provided, and against the dignity and peace of the State.                    "C. O. COFFIN.

"Subscribed and sworn to before me this 1st day of March, 1891."

Whereupon the justice issued the following warrant of arrest:

"THE STATE OF TEXAS, ⎰ In Justice Court Precinct No. 1.
    "County of El Paso. ⎱

"The State of Texas to the Sheriff or any Constable of El Paso County, Greeting: You are hereby commanded to arrest Silvia Bar-rella, S. Barrella, Concepcion Chavis, if to be found in your county, and bring them before me, a justice of the peace in and for said county, in my office in El Paso, Texas, on the 3rd day of March, 1891, at 10 o'clock a. m., there and then to answer unto the State of Texas to a charge of committing the crime of trespass. Contrary to law and against the peace and dignity of the State of Texas.

"Herein fail not, but of this writ make due return, showing how you have executed the same.

"Witness my official signature, this 1st day of March, 1891.

"JOHN M. KEITH,
"Justice of the Peace Precinct No. 1, El Paso Co., Texas."

Which writ was, by some person acting with him in furtherance of his purpose to have the parties therein named imprisoned, placed in the hands of C. R. Helm, a policeman, with whom appellant went to the house and pointed out to him the parties against whom the writ was issued, in order for him to make the arrests under the guise of said warrants. Concepcion Chavis, whose name appears in the complaint and warrant, who is and then was appellee's wife, was, at appellant's instance, taken in custody by said officer, and by him held as a prisoner for about an hour. In making the arrest, Helm seized her arm with violence, thereby bruising it and causing her physical suffering.

*Conclusions of Law.*—As it is patent that neither the complaint nor warrant charge an offense, it was the duty of the court to instruct the jury, as it did, "that the complaint and warrant issued thereupon are void, and charge no offense against the law, and did not justify the arrest." The court also instructed the jury that if the warrant was placed in the hands of the officer by the appellant, or by any person at his instance, and he went with Helm, the policeman, and pointed out appellee's wife to him for the purpose of having her arrested under the writ, and she was so arrested, to find for the plaintiff. This charge was fully warranted by the evidence in the case. The evidence shows, that the justice of the peace and the other two parties, one of whom placed the warrant in the hands of the officer, were acting with the appellant in pursuance of his design to have the parties apprehended. Therefore this act in placing the writ in the hands of the officer, done in pursuance of the unlawful purpose, was the act of the appellant, and he was responsible for the consequences of it. Where several persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or in doing it under circumstances which fairly charge them with intending the consequences which follow, the law compels each to assume and bear the responsibility of the misconduct of all, and permits the party injured to treat all concerned in the injury as constituting one party. Cool. on Torts, 133; Wolf v. Perryman, 82 Texas, 120.

There is not a particle of testimony in the record tending in the least to show that the justice of the peace caused the appellant to swear to the complaint; on the contrary, it does not appear that he was even requested or asked to make or swear to it. Therefore, to have submitted an issue as to the justice causing *him to swear to the complaint,*

as appellant sought to have done in his special charge number 1, would have been wholly unauthorized.

The appellant was responsible, by making the affidavit, for causing the magistrate to issue a writ which he had no jurisdiction or authority to issue, and was charged with knowledge of the fact that it was void upon its face; and his being asked by the officer to go with him and point out the parties, would not shield him from the consequences of his participation in the unlawful arrest. 7 Am. and Eng. Encyc. of Law, 679; Cool. on Torts, 468; Mitchell v. State, 54 Am. Dec., 253, and note b, 264.

The court also instructed the jury, that the question as to whether or not Concepcion Chavis was rightfully or wrongfully in the house, or whether it did or did not belong to the defendant, or plaintiff, should not be considered by the jury in arriving at a verdict. It is contended by appellant that this part of the charge "precluded the jury from considering the manner and purpose by and for which Concepcion Chavis obtained possession of the house, and such evidence the defendant, upon the question of actual damages to plaintiff, was entitled to have considered by the jury, as going to show character, intellectuality, susceptibility to mental pain," etc. The charge did not touch upon "the manner and purpose" of entering the house, but simply informed the jury that the questions as to whether appellee's wife was rightfully or wrongfully in the house, and whether it belonged to plaintiff or not, should not be considered. If a party's "character, intellectuality," etc, are matters of inquiry in cases of this sort, and can be illustrated by the "manner and purpose of entering a house," an appropriate charge should be drawn by the parties desiring it, requesting their submission as issues to the jury.

The jury was instructed, in case they found for the appellee, "they would be authorized to take into consideration any physical injury which his wife may have sustained by the acts complained of, together with any injury to her feelings, if any, resulting from her arrest and confinement in prison." The law permits the consideration of physical injury and injury to feelings as elements of damages in cases of this character. And there was evidence to show that the wife's arm was bruised and that she suffered physical pain in consequence of it, though she may have suffered no mental pain. One's "feelings" are physical as well as mental, and both are susceptible of injury. There was evidence that her feelings were injured, which authorized the charge.

It is complained also by the appellant, that the verdict is excessive. "There being no legal measure of damages for pain and suffering, the amount which a jury may award in an action for personal injury is peculiarly within their discretion. * * * The parties are entitled to the judgment of the jury, and it is not within the province of a court to decide upon the amount of damages; and courts will not set verdicts aside in cases of this character, either on the ground that

the damages are excessive or inadequate, unless it be apparent that the jury acted under some bias, prejudice, or improper influence, or have made some mistake of fact or law. 3 Suth. on Dam., 730; Page v. Mitchell, 86 Am. Dec., 75.

There is nothing in the record to indicate that the jury acted under bias, prejudice, or improper influence in arriving at their verdict.

There is no error assigned requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*