## J. C. KARNER ET AL. V. JAMES STUMP.

### No. 2133.

**1. False Imprisonment—Arrest Without Warrant Not Justifiable, When.**

A sheriff is liable for false imprisonment for an arrest made without a warrant at the request of a third person acting on mere suspicion that the accused is guilty of a felony, but unable to produce any proof thereof or of a reasonable ground of

suspicion, since the statute (Code Crim. Proc., art. 229) authorizes an officer to arrest without a warrant only where it is shown on satisfactory proof that a felony has been committed, and that the accused is about to escape.

**2. Same—Imprisonment not Justifiable.**

Where an officer, upon arresting without warrant a person accused of felony, places the accused in jail, without carrying him before the nearest magistrate, about one mile distant, such imprisonment is unlawful.

**3. Same—Good Faith of Officer as a Defense.**

An officer's liability for the actual damages for physical inconvenience, mental anguish, and humiliation of mind resulting from an illegal arrest, is not affected by his good faith in making the arrest.

**4. Same—Liability of Person Requesting Arrest.**

The person at whose request an officer makes a wrongful arrest without warrant, is liable, as well as the officer, for false imprisonment.

**5. Charge of Court—Requested Instruction Necessary.**

Where the charge of court does not sufficiently cover a phase of the evidence favorable to the defendant, a special charge should be requested by the defendant.

**6. Practice—Admission of Evidence in Rebuttal.**

It is within the discretion of the court to permit the plaintiff, in cross-examination, and after he has closed his case in chief, to introduce evidence not strictly in rebuttal.

APPEAL from Denton. Tried below before Hon. J. T. BOTTORFF, Special Judge.

*E. C. Smith* and *H. C. Ferguson,* for appellants.

No brief for appellee reached the Reporter.

HUNTER, ASSOCIATE JUSTICE.—This suit was filed on the 17th day of January, 1894, by the appellee against J. C. Karner and J. G. Mars, for false imprisonment alleged to have been committed on the 16th day of October, 1893, by arresting the appellee without a written warrant of arrest, on a charge of theft of two mares from Bandy's livery stable in Denton, Texas, on the night of the 15th of October, 1893, and confinement in the county jail on said charge from 8 o'clock p. m. of said day until 8 o'clock a. m. the next day.

The defendants plead the general issue, and want of malice, and that they had probable cause for believing the appellee guilty of the theft. The case was tried by a jury, and there were a verdict and judgment for appellee in the sum of $400.

From a careful inspection of the record, we conclude that the facts established by the evidence are as follows:

Upon the request of J. C. Karner, he being present at the time, J. G. Mars, who was then sheriff of Denton County, arrested the appellee, James Stump, against his will, upon the charge of theft of two mares, the property of J. C. Karner, from the Bandy livery stable in the town of Denton, Denton County, Texas, on the night of October 15, 1893, and placed him in the county jail as a prisoner and held him there, without any order of commitment and against his will and consent, all night and until the next morning at 8 o'clock, when he released him, without any further proceedings.

The arrest and confinement were made without the authority of any written warrant, but solely upon the oral request of J. C. Karner, who suspected appellee and one Webster of being guilty of the theft of his mares, but had no evidence of guilt against either, but who promised the sheriff to file a complaint against appellee when morning came, but never did it.

The evidence, in our opinion, fails to disclose that the mares had been stolen, and fails to establish any guilt in the appellee, or any reasonable suspicion of guilt, or any legal right or authority to make the arrest and confinement.

Appellee was not taken before any magistrate before being confined in jail, although the sheriff says he knew one who resided within a mile and a quarter of the place where the arrest was made; says he preferred putting plaintiff in jail to carrying him before a magistrate.

There was no improper or harsh treatment of the appellee in the making of the arrest or during the confinement in jail, but the treatment was humane and kind. The appellee declared his innocence, and objected to being put in jail. His feelings were injured and he was humiliated at being wrongfully and falsely arrested and jailed on a charge of horse stealing, and, we think, to the extent of $400, the amount of the verdict.

The first complaint of appellant J. G. Mars is that the court erred in instructing the jury to find a verdict against him, and assess the damages at such sum as they might believe from the testimony would compensate plaintiff for the injury sustained by him; in that it was a charge upon the weight of the evidence in directing the jury to find a verdict against defendant.

The officer had no right to arrest the plaintiff without a warrant, unless by the evidence he brought himself within the terms of article 229, of the Code of Criminal Procedure, which is as follows: "Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the person accused."

The evidence fails to show that any "felony had been committed," and fails to show that the plaintiff was "about to escape," and we are compelled to overrule this assignment.

Besides, article 231 of the code cited provides that: "In all cases enumerated in this chapter the person making the arrest shall immediately take the person arrested before the magistrate who may have ordered the arrest, or before the nearest magistrate where the arrest was made without an order."

The arrest and the confinement in jail were both unlawful, and there was an utter lack of evidence to justify the sheriff's action in the arrest or the confinement, and the court, therefore, correctly charged the jury

to find a verdict for the plaintiff against the sheriff. Newby v. Gunn, 74 Texas, 455; West v. Cabell, 153 U. S., 78.

The court gave the following charge, which is complained of: "The plaintiff in this cause is entitled to recover as damages such sum as will fairly compensate him for the physical inconvenience, mental anguish, and suffering and humiliation of mind, if any you find he did so suffer, as the natural and proximate result of his arrest and imprisonment on the charge of theft of two mares, and his right to recover the actual damages so suffered by him, if any, is not dependent upon the motives of the defendants, or either of them, which actuated them in making said arrest."

This charge was correct and perfectly proper, as the sheriff had testified as to his good faith in making the arrest and of his kind treatment of his prisoner, and that his only motive in making it was to subserve the public good, and as no claim for vindictive damages had been interposed, it was proper to instruct the jury that plaintiff's actual damages as described should not be affected by the good motives of the sheriff.

The fourth assignment is overruled, because if the charge did not sufficiently cover a phase of the evidence favorable to defendant, a special charge should have been asked by defendant.

Appellant Karner, on the trial below, when the plaintiff rested his case, demurred to the evidence as being insufficient to sustain a verdict against him for any amount. His proposition is that there was no evidence before the jury which in any way connected him with the arrest or imprisonment of plaintiff.

The deputy who made the arrest had testified that he had arrested plaintiff and had no warrant; that Mars, the sheriff, had ordered him to do so; that he had heard Mars and Karner talking about the case, and heard Mars tell Karner that a complaint must be filed that night or next morning, and that Karner agreed to make the complaint against plaintiff; that Karner said, "Go ahead with the case; I will make complaint in the morning;" that they were not discussing the arrest at that time, but were talking about investigating the case. This deputy then says: "I am not positive that I heard Karner say anything about the arrest of plaintiff before his arrest or on the night he was arrested, but I did hear him say that he would make an affidavit that night or the next morning. Karner said 'go ahead,' and repeated it before plaintiff was arrested."

The evidence shows that the plaintiff was thereupon arrested and carried to jail. This evidence certainly tends to show that Karner directed the arrest to be made, promising to make a complaint against plaintiff for the theft, and therefore the court did not err in overruling the demurrer to the evidence and submitting it to the jury.

Appellant Karner complains of the action of the court in allowing plaintiff to offer other and additional evidence of Mars and Robinson in cross-examination, connecting Karner with the arrest, after plaintiff

had closed his evidence and Karner had offered none, because it was not in rebuttal. We see no reversible error in this, as the case was not closed and the matter was clearly within the discretion of the court.

This also disposes of his third and fourth assignments of error.

We do not think the verdict was excessive, it was amply supported by the evidence, and we therefore order that the judgment herein be in all things affirmed.

*Affirmed.*

Delivered February 22, 1896.