## J. P. REGAN v. B. L. HARKEY.

### Decided June 3, 1905.

**1.—Illegal Arrest—Unlawful Search—Damages.**

Defendant, having missed certain money, suspected plaintiff of having stolen it, and requested an officer to arrest and search defendant, no complaint having been filed nor warrant issued. After the search defendant refused to file a complaint, and it was discovered later that the money had been stolen by another. Held, that the arrest and search were illegal acts, for which the officer was liable in damages, and defendant, having instigated and procured their commission, became liable also for the damages sustained by reason thereof.

**2.—Same—Accused Consenting to Search.**

The fact that plaintiff, after his arrest, and in order to convince his accusers of his innocence, expressed himself as willing to be searched, did not relieve defendant of liability.

Appeal from the District Court of Hunt. Tried below before Hon. R. L. Porter.

*Looney & Clark,* for appellant.

*Sherrell & Hefner,* for appellees.

RAINEY, CHIEF JUSTICE.—The statement of the case is taken from appellant's brief. This suit was brought by B. L. Harkey against appellant, J. P. Regan, the Western Union Telegraph Company and Mrs. L. A. Regan, appellant's wife. The first count in the petition alleged that Mrs. Regan was the agent of the telegraph company, and as such, while acting within the scope of her authority, maliciously, and without any cause, directed and procured the arrest and search of plaintiff by a deputy sheriff of Hunt County, and prayed for $1,000 actual, and $950 exemplary, damages against the telegraph company alone.

By the second count it was alleged that appellant and Mrs. J. P. Regan unlawfully, wilfully, maliciously, and without probable cause, accused plaintiff of the crime of theft of money from the telegraph company and from themselves. That, in pursuance of said false and malicious charges, and with the intent to injure plaintiff, said defendants did direct, cause and procure plaintiff to be illegally and unlawfully arrested, searched and imprisoned on said false charge. That said illegal arrest and search was made by one Will Green, a deputy sheriff of Hunt County, Texas, at the special request of said defendants and

in their presence. That plaintiff was arrested, his person, clothing and room searched by said officer at the instance and procurement of said defendants, without any legal complaint having been filed against him, and without any warrant having been issued for his arrest, and said defendants knew at the time they directed and requested said officer to arrest plaintiff, that no complaint had been filed against him, and that no warrant had been issued.

It was also alleged that appellant and his wife caused the charge to be investigated by the grand jury, and voluntarily went before that body, and wickedly and maliciously tried to have the plaintiff indicted. There was no evidence introduced in the trial to sustain this last allegation, and the same will not be further noticed. The prayer was against appellant and his wife for the same amount as prayed for in the first count against the telegraph company.

All of the defendants answered jointly, (1) by plea in abatement on account of misjoinder of parties and causes of action; (2) general demurrer; (3) general denial, and (4) that the telegraph company was not liable, in that it neither committed nor authorized the commission of the acts complained of, and that if it should be held liable, then its co-defendants were liable to it.

The case was tried by the court, without a jury, on the 21st day of November, 1904, and judgment rendered against appellant, J. P. Regan, for $200, and in favor of Mrs. Regan and the telegraph company. J. P. Regan prosecutes this appeal.

The effect of the various assignments of error is that the judgment is not supported by the evidence. The evidence shows that appellant was ticket agent of the Midland Railroad and his wife agent of the telegraph company at Greenville, Texas. The appellee worked for the express company, and all officed in the same building. Mrs. Regan kept a small sum of money in a leather pouch which was placed in a wooden case or cupboard in the telegraph office. For some time she had been missing money from the pouch. She went for an officer, who came, and she and appellant explained the situation, and it was then and there agreed between them that some coin should be marked and left in the pouch, and if any of it was missing the officer should be notified and make search. The officer testified that he thinks at this meeting they told him who they suspected of taking the money, but is not positive. A morning or two afterwards more money was missing, and appellant went to the jail and notified the officer of the money being missing, and urged immediate action. He told the officer that appellee was suspected, as he slept in the office, and no one else had a chance to get at the money. The officer was requested to go to the express office, which he did, and when he got there appellee was out delivering packages. The Regans told him that they expected it was too late—appellee would likely make way with the marked money. When appellee returned the officer arrested him, and told him he was accused of getting some money, and he (officer) would have to search him and try to see about the matter. The officer told him "the way those things were, and it seemed that he wanted it cleared up, and seemed to be willing to convince me that he wasn't the man." The officer searched

Vol. XL. Civil—2.

through appellee's pockets and found thirty or thirty-five cents. He then searched where he slept, looked through all his clothing, and every place where he thought it was probable to hide away anything. He found eight or nine dollars in some clothes hanging in the room, of which appellee had told him. None of the marked money was found. The search took ten or fifteen minutes time. Before the search of appellee was made, no complaint was filed nor warrant issued. After the search Regan refused to make affidavit against appellee, even on information and belief. The officer, however, swore out a warrant, and held appellee thereunder for several hours, when he was released. It afterwards developed that another party had stolen the money.

We are of the opinion that the evidence warrants the verdict. The arrest and search of appellee was absolutely unwarranted, there being no authority reposed in the officer to so act. His acts, therefore, were illegal, and he is legally responsible in damages for such illegal acts. Appellant having instigated and procured said officer to commit said unauthorized acts, he became liable for such damages as appellee sustained by reason of appellee's unlawful arrest and search.

Appellant contends that he was justified by the circumstances in suspecting the appellee of being the party who had taken the money. Be this as it may, the proof shows that his suspicion was unfounded, and that, if he desired redress, he should have pursued a legal course, which was not done. Nor does the fact that appellee said he was willing to be searched relieve the appellant of liability. The appellee only expressed himself as being willing to be searched after the illegal arrest. To have objected then would have been useless, besides placing him in an embarrassing position. It would have increased the belief or suspicion of his guilt, and his expressing willingness was only to convince them that he was innocent. Such a proceeding must be humiliating to any one, and the testimony of appellee shows this to have been the effect on him, and he was placed in the dilemma, if objecting, of strengthening the suspicion of guilt. (Coffin v. Varila, 8 Texas Civ. App., 417, 27 S. W. Rep., 956; Wolf v. Perryman, 82 Texas, 112; Karner v. Stump, 12 Texas Civ. App., 460, 34 S. W. Rep., 656.)

The judgment is affirmed.

*Affirmed.*

Writ of error refused.