## DALLAS COFFIN CO. v. ROACH.

### No. 13331.

Court of Civil Appeals of Texas.
Fort Worth.

March 6, 1936.

Rehearing Denied April 24, 1936.

W. H. Reid, John A. Erhard, and Dick P. Wood, all of Dallas, for appellant.

House & House and John W. Craig, all of Dallas, for appellee.

BROWN, Justice.

This is a suit brought by appellee L. R. Roach against appellant for damages al-

leged to have grown out of the acts of the president of appellant corporation in calling Roach (an employee of said corporation) into one of the rooms of its place of business where the said president, an employee named White, and two officers of the law were gathered, at which time the appellant's president, after locking the door of the said room, in the presence of all of said persons, accused appellee of stealing its goods, called upon appellee to make a statement, telling what he had taken and how he had removed the goods from the plant, and who assisted him in taking same. At the same time, appellant's president told appellee that he (the said president) was going to have the peace officers take appellee out to appellee's residence and search it for the purpose of finding the stolen goods; that appellee protested his innocence and objected to his premises being searched because of the embarrassment attendant upon such being done and because of the nervous disposition of appellee's wife and the ill effects such search would have upon her; that appellant's president replied that the search would be made whether appellee consented, or not; that under such circumstances and against his will, he was carried to his home, and it was searched in the presence of his wife, all without authority of law. He alleged damages because of humiliation, etc., suffered by him and his wife; illness brought upon his wife as a result of the acts complained of, and sought damages suffered by him and his wife; he also sought recovery of medical bills, occasioned by his wife's illness, and prayed for exemplary damages, alleging that the acts complained of were done with malice and without probable cause.

The cause was tried to a jury; the court's main charge, comprising eight special issues and instructions in connection therewith, and three special issues, requested by the appellant, were given to the jury.

In answer to these issues, the jury found (1) that the peace officers arrested and detained appellee; (2) that in so doing they acted at the request of Parks, the president of appellant; (3) that appellee's house was searched with his consent; but (4) that appellee only consented to the search believing that he was under arrest and that it would be useless for him to object to his house being searched; (5) that the search was made at the request of the said Parks. In answer to issues Nos. 6, 7, and 8, the jury found $1,550 actual damages and $500 exemplary damages.

In answer to the issues requested by appellant, the jury found that appellee did not voluntarily accompany the peace officers to his home; that appellee's house was searched by the officers under the direction of Parks (appellant's president); that Parks directed the officers to arrest and detain appellee.

On the verdict, the trial court rendered judgment against appellant in the sum of $2,050. The judgment is before us for review.

Appellant's brief contains 98 assignments of error, and 31 propositions.

Not one so-called proposition is shown to be germane to any certain assignment of error. Neither are such propositions so numbered that they necessarily fall, numerically, to the assignments of error as numbered.

We do not mean to hold that a proposition of law should not be considered unless it is shown in the brief to be germane to some certain assignment of error, but we do mean to definitely say that, in a brief containing 98 paragraphs, each asserted as an assignment of error, in which are found 31 paragraphs, each asserted as a proposition, it is the duty of the briefer to definitely show what assignment of error gives rise to the asserted proposition, and not leave the appellate court the task of reading all 98 assignments of error in order to ascertain upon what the appealing party stands. This duty is all the more binding when the appealing party, as has been done in this case, abandons many of the so-called assignments of error.

We have labored through these 31 propositions and we find that all except the fourth, seventh, eleventh, and thirtieth are mere abstract propositions and statements, and are not such that we are called upon to consider. 3 Tex.Jur., p. 880, par. 614, and cases cited.

The 4th, 7th, 11th, and 30th propositions are:

4. "Where the trial court instructed the jury as follows: 'You are instructed that the term "arrested and detained" as used in this charge means the intentional restraining of such person from moving

**550**

from one place to another as he may see proper,' such charge was improper and should not have been given because it was a charge on the weight of the evidence."

7. "It is error for the trial court to charge the jury in connection with the definition of the term 'arrested and detained' as follows: 'You are further charged in this connection that such "arrest and detention" may be accomplished without actual arrest, assault, or imprisonment, and may be committed by words alone, or by acts alone, or by both,' for the reason that such a charge is upon the weight of the evidence."

11. "It was error for the court to charge the jury on the issue of unlawful search as follows: 'You are further charged that the term "unlawful search" as used in this charge means the search of one's premises without authority of law, and without the consent of the owner. And in this connection it is explained to you that if the owner consents to the search of his premises believing that he is actually under arrest and that it would be useless to object to such search, such search would nevertheless be unlawful,' for the reason that such charge and instruction is a charge upon the weight of the evidence and does not establish any ultimate fact."

30. "Where the evidence wholly fails to show any malice on the part of the defendant toward the plaintiff it is error for the trial court in its charge to the jury to present an issue of exemplary damages and to define the term 'malice' to the said jury to be used in connection with such issue."

■ Proposition No. 4 is not considered by us as we find no such objection to the court's charge as is indicated by the proposition, and if such objection had been made, it is too general to warrant our consideration. It does not show the trial court how it purports to be "on the weight of the evidence."

Proposition No. 7 is subject to the same criticism urged against proposition No. 4, and we decline to consider it.

■ Proposition No. 11 is subject to the same criticism urged against the preceding propositions, and, in addition thereto, it is multifarious. We decline to consider it.

Proposition No. 30 is subject to the criticisms made to the preceding propositions, and we decline to consider it.

An examination of the 98 assignments of error leads us to conclude that only two are so worded as that they may be considered as propositions of law. These are Nos. 27 and 87, as follows:

27. "The Court erred in that portion of its charge in defining and submitting the term 'unlawful search' for the reason that the court makes such unlawful search depend upon the belief of the plaintiff herein and not upon the facts and pleadings of this cause."

87. "The court erred in rendering and entering judgment herein for plaintiff and against defendant for the amount of $1500.00 actual damages because such amount is in excess of the amount prayed for by plaintiff in his petition in this cause."

■ We do not believe that the objection to the court's charge as pointed out in assignment of error No. 27 is well taken in view of the holding in Regan v. Harkey, 40 Tex.Civ.App. 16, 87 S.W. 1164, writ refused. It is overruled.

■ We find no merit in the 87th assignment of error.

Appellee pleaded the several items of damages and the facts sustaining his claims. He specifically set forth an item of $50 for medical services, $1,000 for loss of services of his wife, etc., and prayed for "total" actual damages in the sum of $10,000, and exemplary damages in the sum of $10,000.

The pleader was under no duty to plead more specifically for damages which are solely within the province of the jury to find and fix, under his pleading.

The assignments of error considered are overruled, and finding no fundamental error, the judgment of the trial court is affirmed.

On Motion for Rehearing.

Appellant's counsel, in charge of this cause, suffered an illness which seriously impaired his eyesight, and he requested an extension of time within which to file his motion for a rehearing. Believing his request a reasonable one, under the circumstances, we granted same, and extended the time thus given five days at his earnest request.

The motion having been filed within the time expressly granted, we have considered it.

 Counsel for appellee has so ably and uniquely presented the matter of what is a substantial compliance with the law and rules governing the briefing of causes on appeal, that we take the liberty of quoting from same:

"Appellee does not oppose the consideration by this Court of Appellant's so-called assignments because he believes that they show any reversible error; but his opposition to their consideration is inspired solely by a desire to see the game played fairly and according to the rules of the game. If Appellant's contention, set forth at considerable length in its present motion, is correct, then the logical step will be to dispense with briefs entirely. This writer was never a stickler for a rigid, technical construction of the Courts' rules. But he submits in all earnestness that, so long as we have rules, they ought to be observed and enforced at least to an approximate degree. Appellee's motion does not go to the extent of striking the brief in this case as was done in some of the cases cited by the Appellant. What we do contend is this: If an Appellant seeks to show reversible error by assignments of error, then such assignments should conform at least substantially to the rules governing assignments. If Appellant proposes to show reversible error under recent acts of the Legislature, then he should point out the error 'upon which the appeal is predicated.' It is not enough to merely file ninety-eight (98 generalities and call them assignments of error; but the new Legislative act requires the error upon which the appeal is predicated to be clearly and distinctly pointed out. If this were not so, we have in the instant case a splendid example of the chaotic conditions and unnecessary work which would follow in which an Appellate Court would be called on to choose, out of ninety-eight (98) alleged assignments, or if you please, out of thirty-one (31) uncorrelated propositions, and making a guess as to points upon which the appeal is actually based for reversal. It therefore is not sufficient to show the trial court perhaps committed some error; but the ever recurring question is, and should be, was such error alleged to have been committed by the trial court of such prejudicial character as to render it reversible in its nature. And it is such reversible error which, in some manner, must be distinctly and clearly pointed out and shown.

"Remember please, it is not 'just errors' we are looking for. The Good Lord knows merely 'to err is human' and it is our proneness to err which differentiates us humans from Deity. But the error this Court and all Courts are concerned with are real errors, substantial, prejudicial, and therefore reversible errors. And it is this kind of errors which the books say must be pointed out and in some manner distinctly assigned so that our Appellate Courts may know, and not guess, upon which errors the appeal is predicated. If this interpretation of the rules is not just and correct, then we might as well abolish the rules and just write a letter to the Judge informing him that the trial court treated us in a terrible manner."

The motion is overruled.