# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS




GROVER SELLERS
WILL WILSON
ATTORNEY GENERAL

Honorable Winston P. Brummett
County Attorney
Dickens County
Spur, Texas

Opinion No. O-6453
Re: Arrest without warrant for
violation of Article 827a, Sec.
12, Vernon's Annotated Penal Code
by sheriff or deputy; right to

Dear Sir:

We have your letter of recent date in which you propound the following question:

"May the sheriff or his deputy of this particular county, arrest an offender of Article 827a, Sec. 12 of the Penal Code of this State, without a warrant being theretofore issued by a magistrate?"

We take it you have reference to the existing article of Vernon's Annotated Penal Code known and designated by the authors thereof as "Art. 827a, Sec. 12." While in specific language you do not refer to other than "the Penal Code of this State", it is noted that in the last official revision of the Penal Code or Revised Criminal Statutes of Texas of 1925, there was no such article numbered, as 827a, Sec. 12. It is well known by us that Vernon's work is widely used by the lawyers of Texas, and it is by no means uncommon to make such reference as has been used for convenience in grouping new enactments of the Legislature into the private publication. Vernon's Codes, however, are not official. The official publications of this state with reference to criminal statutes are the Revised Criminal Statutes of Texas, 1925, and the various session acts of the several Legislatures.

Article 827a, sec. 12, Vernon's Annotated Penal Code, was enacted by the Forty-First Legislature at its second called session in 1929 as Section 12 of Senate Bill No. 11, which is published officially as General Laws of the Forty-First Legislature, Second Called Session, Chapter 42, page 72, the section under discussion being at page 76.

"Sec. 12. The Department, with reference to State Highways under its jurisdiction is hereby authorized to designate main traveled or through highways by erecting at the entrances thereto signs notifying drivers of vehicles to come to a full stop before entering or crossing any such highway; and whenever any such sign has been so erected, it shall be unlawful for the driver or operator of any vehicle to fail to stop in obedience thereto."

The Chapter of the General Laws (41st Leg. 2d C. S. Ch. 42, p. 72, supra) of which the above quoted section is a part, deals with many different features of regulation of the operation of vehicles on public highways. The Act does not pretend to amend any existing statute by express terminology. It does repeal by direct command five different articles of the Penal Code of 1925 (Arts. 789, 793, 818, 823 and 824). See Section 18 of the Act for this express repeal.

The Act under consideration does not purport to clothe officers with the right to arrest without warrant. In none of its provisions is mention made of the method of arrest, and this requires us to look elsewhere to ascertain whether an arrest for violation of its several provisions (especially Section 12, supra), may be made without a warrant. Section 16 of the Act was amended in 1931 (Acts 1931, 42nd Leg., ch. 164, § 1, p. 278) to specifically authorize State Highway Patrolmen "to pursue and arrest any person for any offense when said person is found on the highway", and as to such officers the courts have affirmed their right to arrest without warrant. This is because of the amendment referred to. New Way Lumber Company v. Smith, 128 Tex. 173, 96 S. W. 2d 282. But such authority does not extend to other officers such as sheriffs and their deputies, not to constables. See Head v. State, 131 Tex. Cr. R. 96, 96 S. W. 2d 981.

Article 803 of the Penal Code (Official edition) occurs almost in the very middle of Chapter 1 of Title 13. Numerous offenses are defined in said chapter prior to the designation of Article 803; and numerous offenses are defined in said chapter after the place of publication of said article. For example, we note the following offenses anterior to said article: Obstruction of navigable stream; obstruction of public road, street, etc.; obstruction of railways; rate of speed of vehicle; violation of promise to appear; noise devices; front and tail lights; brakes; law of the road; and intoxicated driver. Posterior to said article we find operation of unregistered vehicle; operating under improper license; width of tires; mirrors; operating overloaded vehicles; tire equipment and certain offenses relating to street railways, and some others.

Article 803, Penal Code, reads as follows:

"Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of the preceding articles of this chapter." (Emphasis ours).

In a recent case by the Commission of Appeals, opinion adopted by the Supreme Court, a full discussion of the right to arrest without warrant appears. We refer to Heath v. Boyd, 141 Tex. 569, 175 S. W. 2d 214, reversing Tex. Civ. App., 171 S. W. 2d 396.

The facts in that case show that the commissioners' court of Irion County undertook to construct a certain road to cross land of one Johnson. After the work began a dispute arose between Johnson and the court as to the location of the road. Heath, an employee of the commissioners' court, was operating a maintainer to clear the right-of-way, when Johnson went to him and ordered him to desist. Heath persisted with the maintainer and Johnson called Boyd, the sheriff of the county. The Sheriff went to Heath and asked him to stop the work. Heath's reply was, "The only way to stop me is to arrest me." Boyd then said, "If that is the way you feel about it, I will have to arrest you." The arrest and detention followed. The point at issue in the case has to do with the authority of a peace officer to arrest without warrant.

Without undertaking to quote the entire case, the reading of which is to be commended, however, we do here emphasize the following:

"Art. 1, sec. 9, of the Constitution of Texas, Vernon's Ann. St., guarantees that the people shall be secure in their persons from all unreasonable seizures. Therefore, despite obiter dicta expressions to the contrary in a few cases, our courts, both civil and criminal, have consistently said that the arrest of a citizen without warrant is an unreasonable seizure of his person, unless it is expressly authorized by statute. An early criminal case is Lacy v. State, 7 Tex. App. 403; a late one is Rodriguez v. State, Tex. Cr. App. 172 S. W. 2d 502. A recent civil case is Continental Casualty Co. v. Miller, Tex. Civ. App., 135 S. W. 2d 501. There are many others. See McBeath v. Campbell, Tex. Com. App., 12 S. W. 2d 118; Karner, et al. v. Stump, 12 Tex. Civ. App. 460, 34 S. W. 656; Regan v. Harkey, 40 Tex. Civ. App. 16, 87 S. W. 1164, error refused; Jones v. State, Tex. Civ. App., 109 S. W. 2d 244; Clement et al. v. Emmons, Tex. Civ. App., 170 S. W. 2d 610, error refused, want of merit; Mundine v. State, 37 Tex. Cr. R. 5, 38 S. W. 619; Staples v. State, 14 Tex. App. 136; Allen v. State, Tex. Cr. App., 66 S. W. 671; Harless v. State, Tex. Cr. App., 109 S. W. 934; Buchanan v. State, 127 Tex. Cr. R. 100, 74 S. W. 2d 1022.

"And, since the subject is thus exclusively regulated by the Constitution and statutes of this state, it follows that the authority to arrest without warrant cannot be conferred by the common law or by the court decisions of other states. Lacy v. State, supra; 6 C.J.S., Arrest § 5 a, p. 579. This rule has two objects namely (1) to protect the right of the citizen to his liberty, under the presumption of his innocence of all crime; and (2) to inform peace officers as to the limits of the authority with which they are invested. Ex parte Sherwood, 29 Tex. App. 234, 15 S. W. 812. In Pratt v. Brown, 80 Tex. 608, 16 S. W. 443, 445, relied on by Boyd, the precise question was the authority of a policeman to arrest, without warrant, a person found drunk in a railway station, and it was correctly held that the arrest was legal because Art. 363, of the Revised Statutes of that day, authorized the city marshal and his deputies to 'arrest without warrant * * * all who are guilty of

any disorderly conduct or disturbance whatever', and the opinion expressly recognizes that the court did not have to resort to the common law to decide the question. Hence any statements therein that the common law authorizes arrest without warrant in some instances, or that peace officers are invested with that broad power as conservators of the peace, are purely gratuitous, and they are not even of persuasive force in the face of many cases to the contrary.

"The only circumstances under which one may lawfully be arrested without warrant are: (1) when he commits a felony or a breach of the peace (a) within the presence or view of the officer or other person, Art. 212, C. C. P. 1925, or (b) in the presence or view of a magistrate who verbally orders his arrest, Art. 213, ibid; (2) when his arrest may prevent the consequences of theft, Art. 325, ibid; (3) when a peace officer is informed by a credible person that a felony offender is about to escape and there is no time to secure a warrant, Art. 215, ibid; (4) when the accused threatens to take the life of another, within the hearing of a magistrate, the magistrate may arrest him, if the case is one of emergency, Art. 73, ibid; (5) when he is an escaped prisoner, Art. 244, ibid; which is really a retaking and not an arrest, Ex parte Sherwood, supra; (6) when the ordinance of a city or town may authorize such action as to persons found in suspicious places or under circumstances reasonably showing that they have been guilty of some felony or breach of the peace or threaten or are about to commit some offense, Art. 214, ibid; and (7) generally, for any offense when the statute defining the same expressly confers the authority, e. g. highway violations, under Art. 803, P. C. 1925; liquor violations, under Art. 666-30, Vernon's Ann. P. C.; unlawfully carrying arms, under Art. 487, ibid; rioting, under Art. 98, C.C.P. 1925; unlawful assembly, under Art. 101, ibid; disloyalty, under Art. 156, P.C. 1925.

"If the situation claimed to authorize an arrest without warrant does not come squarely within some one of the foregoing classifications, the authority does not exist, because the statutes are strictly construed. Authorities, supra." (Emphasis ours.)

The case seems to be the last expression of our highest appellate court upon the subject. The quotations from Texas Jurisprudence mentioned by you must yield to the quotations from the highest court in Texas as given above. It is true, as is mentioned by the court, that there are expressions to the contrary in some cases.

Applying the tests given by the Supreme Court, we conclude that neither the Sheriff nor his deputies may arrest without warrant one offending against Article 827a, Sec. 12 of Vernon's Annotated Penal Code, supra, whether the offense is committed in or out of the presence of such officers. Certainly Article 803, Penal Code, does not apply, nor do we find any other provision in the statutes to take the offense in question out of the rule requiring a warrant of arrest insofar as the sheriff is concerned. The

offense is a misdemeanor; it would not within itself constitute a breach of the peace.

Yours very truly

APPROVED MAR 30, 1945

ATTORNEY GENERAL OF TEXAS

/s/ Carlos C. Ashley

By  /s/ Benjamin Woodall
Benjamin Woodall
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

BW:zd:lm

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN