## ALEXANDER GRIM V. I. N. ROBINSON.

[FILED MARCH 17, 1891.]

1. **Recaption.** A person having lost several small articles of property, which were carried away by a minor child of a neighbor, went to the house of his parents, and the wife and mother, in the absence of the husband and father, permitted him to search the premises. *Held,* That if such consent was given the party had a right to search the house for his lost property.

2. **Instructions** to the jury should state the law applicable to the issues correctly, and should submit all questions of fact arising in the case. (Maxwell, Pl. & Pr., p. 431).

ERROR to the district court for Butler county. Tried below before POST, J.

*Hampton & McAllister,* for plaintiff in error, cited: Cooley, Torts, 52; *McPherson v. Wiswell,* 26 N. W. Rep., 916; Maxwell, Pl. & Pr., 431; *Omaha Horse Ry. Co. v. Doolittle,* 7 Neb., 486.

*Matt. Miller, contra.*

COBB, CH. J.

The defendant in error brought his suit in the district court of said county, and in his petition alleged : " That in the month of June, 1888, he was living in Ulysses, Butler county, Nebraska, and was occupying as a residence for himself and family, at that time, a house situated on lot No. ——, in block No. ——, in said town, county, and state, of which house he was in legal possession during all of that time.

" 2. That the defendant herein, on the 4th day of said month and year, unlawfully and forcibly entered into plaintiff's said dwelling house under pretense of searching for goods stolen, and after entering the dwelling of plaint-

iff at a time when plaintiff was absent from home, and at a time when plaintiff's wife was about to be confined, defendant boisterously, defiantly and in an insulting manner, said to plaintiff's wife: 'I came here after those things of mine, a lot of things you people stole.'

"3. Defendant then went upstairs in said dwelling, and searched said upstairs apartments. After making such search upstairs, he came down stairs, went into the bedrooms, took the bed-clothes off the bed, threw them on the floor, also took the feather beds off the bed, tramping over same with his muddy feet, and at the same time stating that he was after his things and that he was going to have them, whereupon plaintiff's wife ordered him to go out of the house. Defendant defiantly and boisterously answered, 'I will go when I get ready.'

"4. That defendant unlawfully, unreasonably, and maliciously searched plaintiff's said dwelling house without a warrant and without any just and probable cause or excuse for such search, by means whereof plaintiff and his family were disturbed in their dwelling, plaintiff's wife unduly and harshly treated, and he greatly injured in his good name and credit and brought into public scandal, infamy, and disgrace, whereby plaintiff has been damaged in the sum of five thousand dollars ($5,000). The plaintiff therefore prays judgment against defendant in the sum of five thousand dollars ($5,000) and costs of suit."

The defendant answered denying each and every allegation except as expressly admitted. He admitted plaintiff's possession of the premises and that he was occupying the same as a residence. Admits that he went on the premises to look for stolen property. Alleges that his search of the premises was made with the consent of plaintiff's wife who was then in control. That the search was made by virtue of this permission and consent; also charges that he had a search warrant in his possession at the time of the search. This is all denied in plaintiff's reply.

There was a trial to a jury with a verdict for the plaintiff for $190. The defendant's motion for a new trial having been overruled, judgment for that amount was entered, and the case comes here on the following assignments of error:

I. The court erred in overruling the motion for a new trial.

II. In giving instructions, of its own motion, No. 1.

III. In refusing instructions, asked by defendant, No. 1.

IV. In refusing to set the verdict aside on the ground "that it is not sustained by sufficient evidence."

V. In admitting certain evidence, in answer to certain questions, No. 3, p. 5, of the bill of exceptions.

VI. In admitting certain evidence in answer to certain questions, No. 4, p. 15, of the bill of exceptions.

The evidence transmitted in the bill of exceptions shows that the plaintiff in error, having lost articles of property, of small value, had good reason to believe some member of the defendant in error's household, a minor child, had taken and had possession of them. With this well-grounded belief he procured a search warrant, which was neither served nor exposed, and going to the defendant's house, in his absence, was permitted by the wife, Mrs. Robinson, to look over the premises for the property, some of which he found, until he inquired the way into the cellar, and upstairs, to the upper floor of the dwelling, when she ordered him to leave the house, which he immediately did. At the trial, the court, of its own motion, charged the jury " that the plaintiff's wife had no authority to give the defendant license to search the plaintiff's house in his absence, and if they found that the defendant entered and searched the house in the manner charged, the plaintiff would recover, at least nominal damages." This instruction, in view of the evidence, was not judicious. A party has a right to peaceably enter upon the premises of another to rescue his property. This axiom is laid down

in Cooley's treatise On Torts, page 52, and is not to be disputed. The wife had likewise authority to grant the permission in the absence of her husband. It was not only her privilege, but her moral duty to do so. The instruction was therefore erroneous, in substance, for what it charged improperly, and was equally injudicious for what it omitted to charge, that the defendant had a right to go in a peaceable manner upon the plaintiff's premises to search for his property. It further violates an important rule that, while it should have stated the law applicable to the issues and testimony correctly, it should also have submitted all the questions of fact arising in the case. (Maxwell, Pl. & Pr., p. 431.)

The first and second errors assigned are fully sustained, and as on those points the decision of the district court will be reversed, the others will not be further considered.

The judgment of the court below is reversed, and the cause is remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.