## Caroline Mark and George F. Bucher v. Henry Merz.

1. TORTS—*Joint Liability.*—In an action for abuse of legal process against two defendants for suing out a search warrant, to show that one defendant was willing the search warrant should be sued out if the other thought best, or simply acquiescent, would not be sufficient to make him responsible as a principal. To have this effect he must act affirmatively—advise, encourage or assent in some way.

2. REASONABLE CAUSE—*Suing Out a Search Warrant—Notice.*—Where a person worked for another, and at the time he left, small items of personal property were missing and afterward found in his possession under circumstances tending to show that he was not honest, these are circumstances tending very strongly to justify the suing out of a search warrant and to rebut charges of malice.

3. CHARACTER—*Of Accused in Criminal Cases.*—Where proof of guilt rests upon circumstantial evidence, the proof of good character is always admissible in favor of the accused.

**Memorandum.**—Trespass on the case for maliciously suing out a search warrant. Appeal from the Circuit Court of Carroll County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

APPELLANTS' BRIEF, R. E. EATON AND D. & T. J. AND J. M. SHEEAN, ATTORNEYS.

The courts regard this action with disfavor. Gorton v. Brown, 27 Ill. 494.

The action denotes both malice and want of probable cause, and to justify a recovery the proof must show both. Leyenberger v. Paul, 40 Ill. App. 520; Wilmerton v. Sample, 39 Ill. App. 62; Smith v. Hall, 37 Ill. App. 29.

And the burden of proof was on the appellee. Lowry v. Hattery, 30 Ill. App. 299; Sundmacher v. Block, 39 Ill. App. 560; Palmer v. Richardson, 70 Ill. 544; Angelo v. Faul, 85 Ill. 107.

The gist of the action is malice and want of probable cause. If there is no malice, or if there be malice and there is probable cause, the action will not lie.    Morrell v.

Martin, 17 Brad. 338; Leidig v. Rawson, 1 Scam. 272; Barrett v. Spaids, 70 Ill. 408; Smith v. Hall, 37 Ill. App. 28; Chapman v. Cawrey, 50 Ill. 512; Pomeroy v. Villavossa, 31 App. 500; Mitchinson v. Cross, 58 Ill. 367; Krug v. Ward, 77 Ill. 603.

And there must be a clear preponderance of the evidence for plaintiff in order to recover. McFarland v. Washburn, 14 Brad. 369.

Probable cause is that reasonable ground of suspicion which a prudent man would entertain on the facts. Hurd v. Shaw, 20 Ill. 354; Chapman v. Cawrey, 50 Ill. 513; Lowrey v. Hately, 30 Ill. App. 298.

It does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution. Harpham v. Whitney, 77 Ill. 32.

Appellee may have been entirely innocent and yet have no ground of action. If appellants acted upon probable cause they are excusable, whatever the result of the prosecution. Davie v. Wisher, 72 Ill. 262; Calef v. Thomas, 81 Ill. 478; Angelo v. Faul, 85 Ill. 107.

Existence of a crime is not requisite to establish probable cause. Facts may exist which create a belief of crime and this is sufficient, although, in fact, no crime was committed. Ross v. Innis, 26 Ill. 259.

Hunter, Hoffman & Renner, attorneys for appellee.

Mr. Justice Lacey delivered the opinion of the Court.

This was an action of trespass on the case by appellee against appellants for swearing out a search warrant before a justice of the peace and having his house and premises searched for the purpose of finding a set of single harness suspected to have been stolen from the barn of Caroline Mark, one of the appellants, thereby intending maliciously to injure appellee in his good name and reputation, and to imprison him, and impoverish him, etc. That the appellees conspired together to accomplish this purpose, and that in

pursuance of such design the appellant, George T. Bucher, appeared before a justice of the peace and maliciously filed his affidavit for a search warrant to search appellee's premises, which was duly issued, the affidavit being set up in the declaration, and shows "that one set of single harness, the property of Caroline Mark, has been stolen, and that said George F. Bucher believes that the property is concealed in the dwelling house, barn, or some of the other buildings on the farm owned by Henry Hartman near the fair ground in the town of Mt. Carroll, in said county of Carroll, and occupied by one Henry Merz. Feb. 3, 1893."

It was further averred that the said justice issued a warrant to search the said premises, and that proceedings were without probable cause, and that the warrant was delivered to a constable and search of said premises made, and that the warrant was returned to the office of the said justice, and the "defendant" failed to further prosecute the same, etc. The declaration avers loss of character of appellee for honesty, and pain and suffering of both body and mind; injured in his credit, and suffered loss for expenses incurred in his defense. There was filed a plea of the general issue and afterward leave was asked to withdraw the plea and refused by the court.

The cause afterward proceeded to trial and resulted in a verdict and judgment against both appellants for the sum of $300. The court overruled the motion for new trial and this appeal is taken.

The evidence shows substantially that Caroline Mark, one of the appellants, was a widow residing in the city of Mt. Carroll, upon whose premises a barn is located where she kept a harness. She had a farm a short distance from the city, upon which Henry Merz, the appellee, had worked for her at stipulated yearly wages. The other appellant, George F. Bucher, was her agent, superintending all her business. In December, 1892, Bucher discharged Merz from employment, and he went to work on the Hartman farm, distant about a mile from Mt. Carroll. In February following, the harness was missing from the barn of Mrs. Mark.

She informed Bucher of the loss, and he, on his own knowledge and information, procured a search warrant to search the Hartman premises for the harness.

The harness was not found on the Hartman place, but on the next morning after the search, the harness was found inside of Mrs. Mark's fence near the street, and opposite the barn from where it had been taken, and at the place where, on the previous morning, foot prints and marks of the dragging harness were left on the snow.

The search was made and the harness not found, and the warrant was returned and the matter dropped.

The declaration avers the search, etc., was made by the " defendant " without specifying which one.

The cause was tried throughout as though there was one defendant only in the case, and that one the appellant Bucher, and the instructions given on that basis. There is no evidence connecting the appellant Mark with the criminal proceedings in instituting or carrying on the search warrant except what is found in the evidence of appellee on his being recalled as a witness, where he testifies that " I wanted to see Mrs. Mark, what reason she had to send out the officers. She says Mr. Bucher she called him up and he thought I had the harness out there and gave him the power to take out a warrant. She told me the harness was taken out between 2 and 1 o'clock."

It does not appear from this testimony that she ordered it to be done or advised it, but simply gave Bucher power. The inference from this evidence would be that, so far as she was concerned, she was willing the search warrant should be sued out if Bucher thought best; she was simply acquiescent. This would not be sufficient to make her responsible as a principal. To have this effect she must act affirmatively—advise, encourage and assent in some way.

The first, second and third of appellee's instructions entirely ignore the existence in the suit of appellant Mark, and treat the case as one against Bucher alone. The instructions use the words " defendant " in connection with the charges to be proven and in the third use the personal pro-

noun "he" in reference to Bucher causing the warrant to issue, thus giving the jury to understand that it was only necessary to prove a cause of action against Bucher in order to entitle him to a verdict against both, and a verdict against both appellants followed.

The first of appellee's instructions assumes that appellee was "arrested" by virtue of the warrant sued out by appellant Bucher, which was wholly untrue. The writer of the instructions for appellee must have been very much mixed up in his ideas about the case on trial. The court should not have assumed that appellee had been arrested when he had not been. This would be liable to very materially enhance damages. As the proof stood, if any cause of action existed, it was substantially one of defamation of character caused by an implied charge of larceny against appellee, made maliciously. The evidence showed that while appellee had worked for appellant Mark, and at the time he left, small items of personal property had been missed and were afterward found in appellee's possession, under circumstances tending to show he was not honest, though he claimed they were taken through mistake; taking one hog of greater value than the one agreed on that he should take, also created a bad impression of appellee's honesty; and his explanations do not entirely relieve him from such charge. Then the circumstances in regard to the track in the snow leading to appellee's house, with his known character and disposition to take property not his own without leave, and other circumstances, tended very strongly to justify the suing out the search warrant and to rebut the charge of malice. The proof of good character on the part of appellee we do not deem, under the circumstances of the case, erroneous.

These facts might go to the jury with the specific acts of dishonesty charged, to bear upon the facts in the minds of a reasonable person how equivocal acts of honesty or dishonesty should have been viewed by appellants, whether favorably or unfavorably. This, provided this good character were known to appellants, which the jury might or might not infer from all the circumstances in the case.

In Skidmore v. Bucker, 77 Ill. 166, proof of general good character was rejected in a case like this as not tending to prove the issue; for in that case the charge on which the defendant was sued, for maliciously instituting the prosecution, was stated on personal knowledge and not on information and belief. Therefore the knowledge on the part of the prosecuting witness of good character of the accused could weigh nothing. But here guilty intention to commit acts of larceny was not inferable in Bucher's mind against appellee, from certain equivocal acts, and in giving the matter a candid consideration, if Bucher knew appellee had a good general reputation for honesty, that fact should have been taken into consideration. Also it ought to have weight as whether the tracks in the snow were those of appellee. Where proof of guilt rests on circumstantial evidence, the proof of good character is always admissible in favor of the accused. The fact that this evidence, when first introduced, was inadmissible, could make no difference, as by subsequent proof it became admissible. There appeared no proof against Mrs. Mark of any actual malice, and very little against Bucher. The evidence at best was very weak. The judgment is reversed and cause remanded.