Argued May 7, affirmed June 9, rehearing denied September 15, 1914.

# SMITH *v.* McDUFFEE.*

## (142 Pac. 558; 143 Pac. 929.)

**Justices of the Peace—Process—Authority to Serve—"Duly Appointed Officer."**

1.   Under Section 2518, L. O. L., authorizing a justice of the peace to appoint some suitable person not a party to serve any process from his court when such service could not be made for want of an officer, where the docket states that a complaint and warrant were placed in the hands of a person as special constable, but the special constable appointment was not evidenced by any writing indorsed on the writ or otherwise, and no evidence was offered and no finding made that the warrant could not be served for want of an officer, the justice was without authority to appoint him, and he was not a "duly appointed officer."

**Criminal Law—Preliminary Affidavit—Sufficiency.**

2.   Under Section 829, L. O. L., requiring a witness in all affidavits to speak in the first person, an affidavit by V. charging that he has missed cattle, that S. has now beef in his or his family's possession, and that "I, V., believe his animals" have been butchered and the beef, etc., may be found on the premises of S., does not state any offense known to the law.

**Searches and Seizures—Writ—Sufficiency.**

3.   Article I, Section 9, of the Constitution, provides that no search-warrant shall be issued but upon probable cause supported by oath or affirmation particularly describing the place to be searched and the person or things to be seized.   Sections 1852, 1853, L. O. L., authorize a justice of the peace to issue a warrant to search for personal property at any place within his county, when the property has been stolen. Section 1856 prescribes the form of the warrant, requiring the place to be searched to be described with reasonable particularity.   *Held*, that a warrant commanding search on all the premises of a person for certain property, not even designating the county in which the writ is to be executed, is invalid; the description being insufficient to enable a surveyor, either with or without the aid of extrinsic evidence, to locate the premises.

> [As to damages recoverable for unlawful search of premises or person, see note in Ann. Cas. 1913B, 1158.]

**Searches and Seizures—Authority—Presumptions.**

4.   A proceeding for search of premises for personal property being *in invitum*, the statute authorizing it is to be strictly construed, and no presumptions of regularity are to be invoked in aid of the process when an officer undertakes to justify under it.

> [As to search-warrant valid on its face as protection to officer executing the same, see note in Ann. Cas. 1913D, 214.]

---

*As to the right of action for malicious prosecution for wrongful search of premises, see note in 39 L. R. A. (N. S.) 205.          REPORTER.

**Appeal and Error—Review—Harmless Error—Judgment Right on Merits.**

5. Under Article VII, Section 3, of the Constitution, as amended, providing that, if the Supreme Court shall be of opinion that the judgment appealed should have been rendered, such judgment shall be affirmed notwithstanding any error at the trial, a judgment on a verdict for defendants in an action for an unlawful search will be affirmed where the court instructed that, if the officer in executing the warrant unnecessarily offended those present, the search-warrant could be of no protection to him, and that otherwise would constitute a defense as to both defendants, even though the search-warrant was issued without probable cause and maliciously by the defendant justice of the peace, to which language no exception was taken, though the court erroneously instructed that the process under which defendants justified was regular on its face and justified the obedience to its commands.

**Malicious Prosecution—Action—Evidence.**

6. In an action for causing to be issued without probable cause a search-warrant (upon a complaint issued on information and belief), the plaintiff shows a *prima facie* case when he proves that, upon search by an officer, the property involved was not found as disclosed by the return writ, and that for a long time prior to the search plaintiff had shown a good reputation for honesty and integrity.

[As to what is necessary to support action for malicious prosecution, see notes in 12 Am. Dec. 265; 26 Am. St. Rep. 127.]

**Malicious Prosecution—Evidence—Admissibility.**

7. In an action for causing to be issued without probable cause a search-warrant, where the plaintiff produces evidence of his good reputation for honesty and integrity, the defendant may rebut the inference of want of probable cause by evidence that the reputation of plaintiff for honesty and integrity was bad.

**Searches and Seizures—Authority—Waiver of Objections.**

8. Where there had been an attempted appointment of a special officer by a justice of the peace, and he exhibited a search-warrant to the wife of plaintiff, her consent to a search of the premises waived any informalities in the complaint, writ and appointment of the officer.

From Grant: DALTON BIGGS, Judge.

Department 1.   Statement by MR. JUSTICE MOORE.

This is an action by David G. Smith against Wm. W. McDuffee, Andrew Edling and Wm. Von Behren, to recover damages for an alleged illegal entry upon certain real property and an averred unauthorized search of dwelling-houses and other buildings thereon, accompanied by acts of asserted aggravation. The

facts out of which this action arose are that a son and a stepdaughter of the plaintiff, David G. Smith, on May 15, 1912, attended a picnic in Grant County, Oregon, carrying a luncheon consisting of sandwiches containing bacon and eggs, and also taking cucumber pickles and frosted cake. At the entertainment they exchanged their light repast for food consisting in part of cooked beef, both lunches being spread out upon the tables. A woman who partook of the collation having received some of the meat which she supposed had been contributed by the plaintiff's stepdaughter, carried a part thereof home, and the defendant, Wm. Von Behren, a stock-raiser, was informed that the flesh so obtained had been taken to the picnic by members of the plaintiff's family. Von Behren thereupon filed with the defendant Wm. W. McDuffee, a justice of the peace of that county, a charge, of which the following is a literal copy:

"Criminal Information.

"I, Wm. Von Behren, being first duly sworn, depose and say: 1st, that I have missed cattle on the Public Range Branded JJ on the right side; 2nd, that D. G. Smith has now beef in his or his family's possession; and, 3rd, that I, Wm. Von Behren, believe his animals or animal has been butchered and the beef and hide, etc., may be found on the premises of D. G. Smith. That I believe the same to be true or probably, so help me God.

"WM. VON BEHREN,
"W. W. McDUFFEE,
"Justice of the Peace."

Based on this formal accusation a writ was issued in the following language:

"For the 6th J. P. Dist. To Andrew Edling, Special Constable of the County of Grant—Greeting: Warrant of Search. County of Grant. In the name of the

State of Oregon: Information on oath having been this day, 1st, that Wm. Von Behren has missed cattle from the public range branded JJ on the right side; 2nd, that D. G. Smith has now beef in his or his family's possession; and, 3rd, that Wm. Von Behren believes that his animals or animal has been butchered and that the beef, hide, etc., may be found on the premises of D. G. Smith. You are therefore hereby commanded, at any time in the day or night to make immediate search on all the premises of D. G. Smith for the following property, any beef hide branded JJ on the right side or any feet, horns, head or beef together with the hide, and if you find it or any part thereof to bring it forthwith to me at my residence. Dated at Ritter this 16th day of May, 1912.

"W. W. McDUFFEE,
"Justice of the Peace."

Pursuant to such process the defendant, Andrew Edling, in company with the other defendants, visited the plaintiff's premises in that county and searched two dwellings and other buildings, but found no such personal property as specified in the writ.

No return was indorsed on the process, but about two weeks after the writ was issued an entry was made in the justice's docket as follows:

"State of Oregon, County of Grant. State of Oregon v. Premises of D. G. Smith. Complaint filed and warrant issued May 16th, 1912, and placed in the hands of Andrew Edling, special constable, for service May 16th. Warrant returned after due search being made and Special Constable Edling reports that the property described in the warrant could not be found. W. W. McDuffee, Justice of the Peace. Cost bill: Constable fees, $2.50; justice fees, $1.50. Paid by Wm. Von Behren, complainant."

The complainant herein alleges, in substance, that the search was made maliciously and without probable cause, particularly setting forth the facts involved and

the conduct of the defendants which it is averred aggravated the trespass.

The defendant McDuffee separately denied the material averments of the complaint. The defendants Edling and Von Behren jointly answering, set forth the facts with respect to the filing of the affidavit, the issuing of the warrant, and the search which was made pursuant thereto. They further allege, in effect, that at the time the plaintiff's premises were visited they found in charge thereof his wife, who was informed that they had a search-warrant, whereupon she requested them to examine the buildings and premises, which invitation they accepted.

The reply put in issue the allegations of new matter in the latter answer, and the cause being tried was dismissed, by stipulation, as to McDuffee, but resulted in a verdict and judgment in favor of the other defendants, and the plaintiff appeals.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief with oral arguments by *Mr. A. D. Leedy* and *Mr. John P. Winter.*

For respondents there was a brief over the names of *Mr. J. E. Marks* and *Mr. Errett Hicks,* with an oral argument by *Mr. Marks.*

Mr. Justice Moore delivered the opinion of the court.

It is contended that, in receiving in evidence, over objection and exception, the affidavit for a search-warrant, the process issued pursuant thereto, and the excerpt from the justice's docket, copies of which, as hereinbefore displayed, were substituted in the bill of exceptions, errors were committed. These questions

will be considered only in so far as they are involved in the remaining inquiry, to wit: An exception having been taken to a part of the court's charge, it is insisted that an error was committed in telling the jury:

"I further instruct you that the defendant Andrew Edling, was a duly appointed officer to execute the search-warrant issued by William W. McDuffee, justice of the peace in district No. 6 of this county and state, and that the search-warrant in this case was regular upon its face; that an officer acting under a writ which is regular upon its face, as the search-warrant was in this case, is justified in following the command of such writ, regardless of whether the same was caused to be issued without probable cause, maliciously or otherwise."

1. The latter exception presents for consideration the questions: Was Edling a duly appointed special constable? Did the process conform to prescribed rule? A justice of the peace is authorized to appoint some suitable person, not a party, to serve any process or order issued from his court when it appears to him that such service could not be made for want of an officer: Section 2518, L. O. L. The defendant Mc-Duffee, as a witness, having identified the affidavit, search-warrant and the docket entry, was asked, in referring thereto on cross-examination: "You have now produced in court and offered in evidence all the record that you have or made at the time with reference to this search-warrant; is that right?" He replied: "Yes, sir; that's right." It will thus be seen that Edling's appointment was not evidenced by any writing, indorsed on the writ or otherwise, and that no finding was made, as in the case of *North Pacific Cycle Co.* v. *Thomas,* 26 Or. 381 (38 Pac. 307, 46 Am. St. Rep. 636), that it appeared to the justice that the

search-warrant could not be served for want of an officer.

The defendant Edling testified that McDuffee requested him to take the search-warrant and execute it, which he promised to do, whereupon the justice administered to him an oath of office. The presumption that official duty has been regularly performed was overcome by the testimony referred to. No evidence having been offered at the trial that the search-warrant could not have been served for want of an officer, the justice, whose power in this regard is limited by the enactment adverted to, was without authority to nominate Edling, and, this being so, he was not, as said by the court "a duly appointed officer."

A clause of the Bill of Rights reads:

"No 'law shall violate the right of the people to be secure in their persons, houses, papers and effects, against unreasonable search or seizure; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized": Article I, Section 9, of the Constitution.

A search-warrant may be issued by a justice of the peace directed to a peace officer commanding him to search for personal property at any place within his county: Section 1852, L. O. L. Such process may be issued when the property has been stolen: Section 1853, L. O. L. The statute also prescribes the form of the warrant: Section 1856, L. O. L. Such form, however, was not followed in the case at bar.

2. It will be remembered that the warrant herein did not state that any of Von Behren's cattle had been stolen. The person in whom was vested the title to the cattle that had been "missed" from the public range is even left in doubt, though possibly the com-

plainant's ownership thereof may be inferred from
a subsequent clause of the process to the effect that
he believed "that his animals or animal had been
butchered and that the beef, hides, etc., may be found
on the premises of D. G. Smith." It will be kept in
mind that the affidavit charges "that D. G. Smith has
now beef in his or his family's possession; and, 3d,
that I, Wm. Von Behren, believe his animals or animal
has been butchered," etc. The statute declares that
a witness in all affidavits must be made to speak in
the first person: Section 829, L. O. L. Construing the
affidavit herein according to the rule thus prescribed,
it will be observed from the pronoun "his" following
the word "Von Behren" that the complainant believed
Smith had butchered his own animals, and, when so
read in connection with Von Behren's sworn declara-
tion that he had only "missed" cattle from the public
range, the affidavit does not charge the commission
of any offense known to the law. It will be noticed,
however, that the search-warrant is broader than the
affidavit in this respect.

3. The most serious objection to the writ, however,
is its failure to comply with the requirements of the
Constitution hereinbefore quoted, in that it does not
particularly or at all describe any tract of land or
buildings, or specify the process was to be executed in
Grant County, Oregon. In an extended note to the
case of *Rose* v. *State,* 17 Ann. Cas. 228, 232, in discuss-
ing the sufficiency of a description of the premises in
a search-warrant or an affidavit therefor, it is said:

"The rule, however, has been laid down that a
search-warrant must contain as specific a description
of the place to be searched as would be required in an
instrument conveying a specific piece of real estate."

To the same effect, see *People* v. *Holcomb,* 3 Park. Cr. R. (N. Y.) 656, 666; *Commonwealth* v. *Intoxicating Liquors,* 97 Mass. 334. In construing the language of deeds or other writings relating to real property, it has been held that the description of land therein contained was sufficient, if, with the stated instrument before him, a surveyor, either with or without the aid of extrinsic evidence, could locate the premises with reasonable certainty: *Willamette Co.* v. *Gordon,* 6 Or. 175; *House* v. *Jackson,* 24 Or. 89 (32 Pac. 1027); *Hayden* v. *Brown,* 33 Or. 221 (53 Pac. 490); *Bogard* v. *Barham,* 52 Or. 121 (96 Pac. 673, 132 Am. St. Rep. 676); *St. Dennis* v. *Harras,* 55 Or. 379 (105 Pac. 246, 106 Pac. 789).

Under the very liberal rule thus adopted the affidavit and the search-warrant based thereon were defective, in that they failed to describe any houses, buildings or real property to be examined or designate the county in which the writ was to be executed.

4. The dwelling of every person while he is in the lawful possession thereof is his castle, and it ought not to be subjected to an uninvited search, except by a duly qualified officer, and then only in pursuance of a valid writ commanding it. Such searches are usually made without the consent of the occupant of a domicile, and, the investigation being a proceeding *in invitum,* the statute authorizing it is to be strictly construed, and no presumptions of regularity are to be invoked in aid of the process under which a proper officer obeying its commands undertakes to justify.

So far as disclosed by the record before us, there may have been no want of an officer to serve the process, and if so, Edling could not have been appointed to execute it. But however this may be, the search-warrant being faulty in the matters detailed, the pro-

cess was void on its face, and errors were committed as alleged.

5. The remaining question is whether or not, by resorting to Article VII, Section 3, of the Constitution of this state, the judgment should be affirmed, notwithstanding such errors. In construing this clause of the organic act, it has been held that, in order to support a judgment under such circumstances, the findings of the jury must have been based on legal evidence, and the facts must have been submitted to them under proper instructions: *State* v. *Rader,* 62 Or. 37 (124 Pac. 195); *Love* v. *Chambers' Lumber Co.,* 64 Or. 129 (129 Pac. 492); *Forrest* v. *Portland Ry., L. & P. Co.,* 64 Or. 240 (129 Pac. 1048); *Sullivan* v. *Wakefield,* 65 Or. 528 (133 Pac. 641).

It is believed that the case at bar furnishes an exception to the rules thus stated. The verdict was evidently founded on a denial of the alleged acts of aggravation and an averment of the answer to the effect that the search was made pursuant to and by invitation of the plaintiff's wife. The testimony on these issues was conflicting, and for that reason the questions were properly submitted to the jury, in charging whom on these branches of the subject the court said:

"I instruct you that in executing a search-warrant that the officer should do no unnecessary damage to the property and no unnecessary injury to the feelings of those present at the time and in charge of the premises, and if you find that in serving the search-warrant the officer unnecessarily and intentionally offended the plaintiff's wife and those present, that such search-warrant could be of no protection to him."

The jury were further instructed:

"That would constitute a defense as to both of the defendants in this case, even though the search-war-

rant was caused to be issued without probable cause and maliciously by the said William Von Behren.''

To which language no exception was taken.

In *Grim* v. *Robinson,* 31 Neb. 540 (48 N. W. 388), a person having lost several small articles of property, which were carried away by a minor child of a neighbor, the owner of the goods went to the house of the child's parents, and the wife and mother, in the absence of the husband and father, permitted him to search the premises, and it was held that if such consent was given, the party has a right to search the house for his lost property.

In *State* v. *Griswold,* 67 Conn. 290 (34 Atl. 1046, 33 L. R. A. 227), it was ruled that searching the office of an accused person with the consent and aid of his servant and agent, who was in possession, in order to obtain evidence against the accused, was not in violation of the constitutional provision against unreasonable searches, and that the taking away of the article found there with the consent of the agent was not a ''seizure.''

So, too, in *McClurg* v. *Brenton,* 123 Iowa, 368 (98 N. W. 881, 101 Am. St. Rep. 323, 65 L. R. A. 519, it was determined that one who consents to having his property searched by an officer without a warrant has no right of action as for a legal search.

The jury in the case at bar, having found for the defendants Edling and Von Behren, must necessarily have concluded that the search of the buildings was made by them without aggravation and pursuant to request and by invitation of the plaintiff's wife. She, like any other honest person, when informed that it was supposed that the property of others was unlawfully kept in her home, challenged the most thorough examination of the premises. If, therefore, it be as-

sumed that all the proceedings were void, it will be inferred that, in the absence of her husband, Mrs. Smith was authorized to permit the search that was undertaken, and, having acquiesced therein, the maxim, *"Volenti non fit injuria,"* governs our determination.

The record herein brings the case within the requirements specified in the organic act regulating the practice on appeal, and furnishes an exception to the rules heretofore established on this subject.

The judgment is therefore affirmed.

AFFIRMED.

MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.

---

Denied September 15, 1914.

ON PETITION FOR REHEARING.

(143 Pac. 929.)

MR. JUSTICE MOORE delivered the opinion of the court.

It is maintained by plaintiff's counsel in a petition for rehearing that an alleged error, duly assigned, properly set forth and orally argued at the trial in this court, was not referred to in the opinion, whereby their client was prejudiced. The action of the trial court thus complained of consists in receiving, over objection and exception, testimony given by the defendants and their witnesses tending to show that the reputation of the plaintiff for honesty, integrity and moral worth in the vicinity in which he lived was bad at the time the search-warrant was procured, when no testi-

mony on the subject had been given by him or his witnesses.

6. In an action to recover damages for causing to be issued without probable cause a search-warrant, upon a complaint based on information and belief, the plaintiff shows a *prima facie* case when he proves at the trial that, upon search by an officer, the property involved was not found as disclosed by the return indorsed on the writ, and that for a long time prior to the search the plaintiff had borne a good reputation in the community for honesty and integrity: 25 Am. & Eng. Ency. Law (2 ed.), 151; Newell, Malic. Prosecution, 273; Hilliard, Torts (3 ed.), 462. Another textwriter discussing this subject remarks:

"In an action for wrongfully suing out a search-warrant, where the evidence as to plaintiff's guilt is purely circumstantial, his good character may be shown to disprove reasonable cause on defendant's part for suing out the writ": 35 Cyc. 1276.

To the same effect, see, also, *Israel* v. *Brooks,* 23 Ill. 575; *Mark* v. *Merz,* 53 Ill. App. 458; *Blizzard* v. *Hays,* 46 Ind. 166 (15 Am. Rep. 291); *McIntire* v. *Levering,* 148 Mass. 546 (20 N. E. 191, 12 Am. St. Rep. 594, 2 L. R. A. 517); *Olson* v. *Tvete,* 46 Minn. 225 (48 N. W. 914); *Woodworth* v. *Mills,* 61 Wis. 44 (20 N. W. 728, 50 Am. Rep. 135).

7. In such case as testimony regarding the plaintiff's good reputation is admissible when offered by him, for the purpose stated, so, too, evidence of his bad reputation must also be receivable to rebut an inference of want of probable cause when, upon a search of his premises or person, the property sought to be recovered is not found. Thus in *Rodriguez* v. *Tadmire,* 2 Espinasse's Nisi Prius Rep. 720, in an action for malicious prosecution, where the defendant gave evi-

dence of probable cause, it was ruled that a witness might be asked whether the plaintiff was not a man of notoriously bad character, though an objection was made by his counsel to the inquiry on the ground that character was not in issue in the case, so that he could come prepared with evidence to meet it. Such evidence is in the nature of a confession and avoidance, and is admissible only for the purpose stated. It was thought that the principle here announced governed the question, and for that reason no mention was made in the former opinion of the alleged error here considered.

8. It is contended that, having determined that errors were committed at the trial, the law applicable to the facts involved was misconstrued in concluding that the jury found the plaintiff's wife consented to the unauthorized search. It is argued that where a person pretends to act as an officer, under supposed authority of a warrant, and so notifies the party accused or the agent authorized to speak for him, there can be no valid consent to a search though in fact assented to. The case of *Regan* v. *Harkey,* 40 Tex. Civ. App. 16 (87 S. W. 1164), is cited in support of the doctrine insisted upon. In that case, at the request of the defendant, an officer, without a warrant searched the plaintiff for money that later was discovered to have been stolen by another person. In an action to recover damages sustained it was ruled that the fact that the plaintiff, after he was arrested, and in order to convince his accusers of his innocence, expressed a willingness to be searched did not relieve the defendant of liability. In that case no writ of any kind had been issued, but as a party who is *sui juris* can waive every known right that he possesses, except such as the public, repre-

72 Or.—19

sented by the state, is interested in preserving, it would seem that the relinquishment referred to offered a sufficient defense, and that the conclusion reached was not founded in reason. But however that may be, in the case at bar, a search-warrant was obtained and exhibited to the plaintiff's wife by the defendant Mc-Duffee, who evidently believed the writ was valid, and that he had been duly appointed as special constable to serve it.

The consent of the plaintiff's wife to search the premises waived the informalities occurring in the complaint, writ and appointment of the supposed officer, and, such being the case, we adhere to the former opinion.                    AFFIRMED. REHEARING DENIED.