### No. 10,413.

### SMUK v. THE PEOPLE.

Decided September 11, 1922. Rehearing denied October 2, 1922.

Plaintiff in error was convicted of a violation of the prohibition act.

*Affirmed.*

*On Application for Supersedeas.*

1. SEARCH AND SEIZURE—*Consent.* The constitutional inhibition of search of private premises does not apply in cases where consent to search is given by the owner of the premises, his wife, or servant in charge.

2. INTOXICATING LIQUOR—*Search—Evidence.* A defendant in a prosecution under the prohibition act, who has consented to a search of his premises, cannot thereafter complain that he was deprived of his constitutional protection against such a search, and in-

toxicating liquor found in the search and what defendant said regarding it, are admissible in evidence.

3.   *Possession—Arrest.*  Officers who discover intoxicating liquor in possession of a person, may rightfully regard him as committing an offense in their presence, and may arrest him without a warrant.

*Error to the District Court of Gunnison County, Hon. Straud M. Logan, Judge.*

Mr. GEORGE A. SHIPLEY, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*Department Two.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error, hereinafter called defendant, was convicted of the unlawful possession of intoxicating liquors, and brings error.

A search warrant was issued, on affidavit, under which officers proceeded to the house of defendant, which was used as a boarding house, and there found a bottle of liquor, which defendant stated was whiskey kept for his own use. They found also a considerable quantity of what defendant said was "home-brew."

A sample of this liquor, and the bottle said to contain whiskey were admitted in evidence, as was also testimony that defendant had designated them as above stated, to all of which objection was made by defendant's counsel. The admission of this evidence is the principal error here urged.

It is contended that the affidavit for the warrant was fatally defective, in consequence of which fact the evidence obtained was not admissible. Many cases are cited on the sufficiency of the affidavit for a warrant, on which point the court held with defendant. The evidence was held admissible, however, on the ground that the search was not made under the warrant, but upon the invitation, or at least with the consent of the defendant.

A deputy sheriff testified that he went to the defendant's house, somewhat in advance of another deputy who had the search warrant, and told defendant the object of his visit; and that the other officer had the warrant; that defendant said "All right, come in and search, I haven't anything to be afraid of"; that defendant went into the house with the officers and accompanied them through the rooms. The deputy sheriff, who had the warrant, testified that when he told defendant that he had a warrant to search the house the latter said, "All right, I ain't got nothing." Although defendant testified in his own behalf, he did not contradict this testimony that he had invited the officers into his house, and consented to the search.

That the officers supposed they were acting under a valid warrant is immaterial. It is universally held that the constitutional provision here invoked is intended "to prevent the violation of private security in person and property and unlawful invasion of the sanctity of the home." It is a restriction on the powers of government. It aims at preventing an entrance into and a search of one's premises *in invitum.* When, therefore, an invitation or consent to a search is given the constitutional guaranty does not apply; and this is true whether such consent be given by the owner of the premises, his wife, or his servant in charge of it. *Smith v. McDuffee,* 72 Ore. 276, 142 Pac. 558, Ann. Cas. 1916D, 947; *McClurg v. Brenton,* 123 Iowa 368, 98 N. W. 881, 65 L. R. A. 519, 101 Am. St. Rep. 307; *Grim v. Robinson,* 31 Neb. 540, 48 N. W. 388; *State v. Griswold,* 67 Conn. 290, 34 Atl. 1046, 33 L. R. A. 227; *Commonwealth v. Tucker,* 189 Mass. 457, 76 N. E. 127, 7 L. R. A. (N. S.) 1056.

Here the defendant himself consented to the search, and it is now too late for him to claim that he was deprived of his constitutional rights. The liquor put in evidence was not seized under an unauthorized search, and there is no occasion to consider the authorities which have passed upon the admissibility of evidence obtained in an unlawful search. For the same reason there was no error in admit-

ting the testimony of the officers as to what the defendant said regarding the liquor.

The statute of 1919, makes the possession of intoxicating liquors an offense; hence, when the officers discovered such liquors in defendant's possession, they might rightfully regard him as committing an offense in their presence. They could therefore arrest him without a warrant. For this reason, also, we are not called upon to consider the validity of the search warrant.

Finding no error in the record the supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.