STATE ex rel. MUZZY, Respondent, *v.* UOTILA AND CERTAIN INTOXICATING LIQUORS, Appellants.

(No. 5,540.)

(Submitted September 13, 1924.   Decided October 11, 1924.)

[229 Pac. 724.]

*Intoxicating Liquors — Searches and Seizures—Forfeitures— Special Enforcement Officers—When Qualified to Act—Oath of Office—Filing—Consent to Search—Effect — Possession of Liquor—Prima Facie Proof of Violation of Law—Burden of Proof.*

Intoxicating Liquors—Special Enforcement Officers Qualified to Act upon Taking Oath—Filing of Oath not Condition Precedent to Right to Act.

1. A special enforcement officer is qualified to act as such immediately upon taking and subscribing the oath required by section 11085, Revised Codes, the filing of the oath within thirty days after notice of his appointment not being a condition precedent to entering upon the discharge of his duties.

Same—Consent to Search Without Warrant Bars Owner from Questioning Legality of Search.

2. If one consents to having his premises searched by an officer without a search-warrant he cannot complain of it as an illegal search.

**Same—Search by Consent—Right of Officer to Arrest and Make Seizure.**

3. Where a search made by consent of the owner of the premises discloses that the latter was engaged in the commission of an offense against the liquor laws, the officer making the search has the same right to arrest the offender and take possession of any contraband articles that he would have had if he had known in advance of the search that an offense was being committed.

**Same—Possession Prima Facie Evidence of Violation of Law—Right of Officer to Make Arrest and Make Seizure.**

4. The possession of intoxicating liquor is made prima facie evidence by section 11079, Revised Codes of 1921, that it is kept in violation of law, and the burden of proving lawful possession is upon the possessor.

*Appeal from District Court, Judith Basin County; John C. Huntoon, Judge.*

PROCEEDING by the State, under relation of John B. Muzzy, County Attorney of Judith Basin County, against Gust Uotila, claiming certain intoxicating liquors. From judgment rendered, claimant appeals. Affirmed.

*Mr. Earl Wineman, Mr. J. W. Speer* and *Messrs. Maddox & Church,* for Appellant, submitted a brief; *Mr. Fletcher Maddox* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. C. N. Davidson,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

On the afternoon of Sunday, December 16, 1923, C. S. Hanna and E. R. Small, special officers of the state of Montana, for the purpose of enforcing the laws of the state relating to intoxicating liquors, went into the defendant's place of

---

3. Right of officer in executing criminal process to take possession of evidentiary articles, see notes in 3 Ann. Cas. 354; 18 L. R. A. (n. s.) 253; L. R. A. 1916C, 1017.

Admissibility of evidence secured by search or seizure, see notes in 15 Ann. Cas. 1205; Ann. Cas. 1915C, 1182.

4. Constitutionality, construction and effect of statute making possession of intoxicating liquor evidence of violation of law, see notes in 31 A. L. R. 1222; 1 L. R. A. (n. s.) 626.

business, known as a pool-hall and soft-drink parlor, in Geyser, Judith Basin county, searched the premises, found a quantity of intoxicating liquors, and took possession of the same, together with the furniture and fixtures contained in and about the place, amongst the articles seized being a beer bottle partly filled with moonshine whisky and a whisky glass.

On the following day, December 17, Hanna made a return to the district court, setting forth a particular description of the liquor and property seized, and of the place where they were seized, accompanied by a complaint charging that, at the time and place in question, the laws relating to intoxicating liquors were being violated by the defendant, Gust Uotila, in that he did then and there have and possess intoxicating liquors, for the purpose of being sold, bartered, exchanged or disposed of; that the complainant detected a strong odor of liquor in said room, and, after having obtained permission from the defendant to do so, made a search of the premises, in company with said E. R. Small, and as the result thereof seized the articles mentioned in his return and arrested the defendant. The complaint concluded with a prayer that a warrant be issued, commanding the sheriff of Judith Basin county to keep and retain said liquor and property until discharged by process of law; that a hearing and adjudication be had thereon, upon said return and complaint, and for other appropriate relief.

On January 5, 1924, the defendant, Gust Uotila, filed an answer to the return and complaint, and also a verified claim for all of the property named therein, in which he denied that he was guilty of the offense charged against him, denied that he authorized said Hanna or any other person to search his premises, and alleged that such search was made without his consent and against his will; denied that the property seized was or had been used or kept by him or any other person with the intent to violate any law of this state relating to intoxicating liquor, claimed ownership of all said property, and asked that it be returned to him.

Upon this complaint and return, and the defendant's answer and verified claim, a hearing was had before the court, at the conclusion of which, on January 16, 1924, judgment was duly given and made that all of said seized articles should be returned to the defendant, except the bottle containing the moonshine whisky and the whisky glass, which last-mentioned articles were referred to at the hearing and in the judgment as "Exhibit 3," and they were confiscated, forfeited and ordered destroyed. From this judgment the defendant has appealed to this court.

1. Upon the hearing, over objection of the defendant, the [1] state was allowed to introduce in evidence copies of the appointments and oaths of office of C. S. Hanna and E. R. Small as special officers of the state of Montana for the purpose of enforcing the laws relating to intoxicating liquors, certified by the secretary of state. These instruments showed that Hanna and Small were duly appointed as such officers on December 1, 1923, by the state board of examiners; that they took and subscribed their oaths of office on December 15, and filed the same in the office of the secretary of state on December 17.

Counsel for appellant contend that, because these oaths of office were not filed until December 17, Hanna and Small were not duly qualified officers on December 16 and that all of their acts performed on said day, on the assumption that they were officers of the law, are null and void. This contention is without merit. Section 11085, Revised Codes of 1921, amongst other things, authorizes the state board of examiners to appoint such officers, and provides that "before entering upon their duties they shall take and subscribe the oath of office in the same manner as a sheriff." Section 430, Revised Codes of 1921, which is applicable to a sheriff, provides that before he enters upon the duties of his office he shall take and subscribe the constitutional oath of office, and section 432, which is likewise applicable to a sheriff, says that the oath of office must be taken, subscribed, and filed within thirty days after

the officer has notice of his appointment. Neither of these sections makes the filing of the oath of office a condition precedent .to the officer's entering upon the discharge of his duties of his office; but section 511 declares that, if he fails to file his official oath within the time prescribed, the office becomes vacant.

Under these statutory provisions, when one who has been duly appointed to an office takes and subscribes the official oath, he is fully qualified to perform the duties pertaining thereto, but, if he should fail to file the official oath within the time prescribed by law, his office would become vacant. From the fact that Hanna and Small proceeded to qualify under their appointments on December 15, it must be presumed that they received notice thereof prior to that time. If they had such notice on the day of their appointments, they would have thirty days from December 1 in which to file their oaths of office, so that on December 16 they were fully qualified to perform all the duties of their office.

2. It is next contended, on behalf of appellant, that the plaintiff failed to show that an offense was committed in the presence of Hanna and Small, so as to entitle them to make an arrest of the defendant and to seize the liquor and articles alleged to have been unlawfully used in violation of the law, under the provisions of section 11106, Revised Codes of 1921.

It is admitted that the defendant was the proprietor of the pool-hall or soft-drink parlor in question, and was likewise in possession of the bottle of whisky and whisky glass, designated as Exhibit 3, at the time in question. The complaint alleges that he had possession of the whisky contained in the bottle, for the purpose of selling, bartering, exchanging or disposing of it, and further alleges that the officers asked permission of the defendant, Uotila, to make a search of his place and that he granted such permission.

If one consents to having his premises searched by an officer [2, 3] without a search-warrant, he cannot complain of it as an illegal search (24 R. C. L. 723; *McClurg* v. *Brenton,* 123

356   State *v*. Uotila and Certain Intox. Liquors.   [Oct. T. '24

[71 Mont. 351.]

Iowa, 368, 101 Am. St. Rep. 323, 65 L. R. A. 519, 98 N. W. 881; *Smith* v. *McDuffee*, 72 Or. 276, Ann. Cas. 1916D, 947, 142 Pac. 558, 143 Pac. 929; *State* v. *Griswold*, 67 Conn. 290, 33 L. R. A. 227, 34 Atl. 1046; *Commonwealth* v. *Tucker*, 189 Mass. 457, 7 L. R. A. (n. s.) 1056, 76 N. E. 127), and, if such search discloses that he is then and there engaged in the commission of an offense against the laws relating to intoxicating liquor, the officer making the search has the same right to arrest the offender and take possession of any articles being used by him for the illegal purpose that he would have had, if he had known in advance of the search that an offense was being committed.

The testimony introduced at the hearing on behalf of the state tended to show that the officers were in and out of defendant's place of business several times on the afternoon in question; that a large number of men and boys were congregated therein; that there was a strong odor of intoxicating liquor in the room, and the officers, being of opinion that the law relative to intoxicating liquor was being violated, informed the defendant that they were officers, that they had heard complaint about whisky being sold in his place and wanted to look it over; whereupon defendant said, "All right; go ahead." Thereupon the officers went behind the bar, picked up the bottle in question, and, upon investigation, found that it contained intoxicating liquor, and so took it and the whisky glass into their possession. At this stage of the proceeding the defendant interrupted them and demanded to know whether they had a search-warrant. After some controversy, the officers continued the search and took possession of other property. Hanna and Small further testified that, when the defendant asked whether they had a search-warrant, Hanna showed the defendant his commission as special officer, and that he made no further objection to their continuing the search.

The defendant, himself, and several witnesses in his behalf denied that he, at any time, gave the officers permission to

search his place.  There was a direct conflict in the evidence upon this point.  Apparently the court concluded from the evidence that at the time the officers seized "Exhibit 3" they were conducting a search of the defendant's place, with his permission, and such a finding was fully justified by the evidence.  Under such a conclusion, the judgment entered, so far as it relates to "Exhibit 3," was correct.

Whether the defendant's interruption of the search being conducted by the officers amounted to a revocation of the permission theretofore granted to them is a matter of no concern on this appeal, because "Exhibit 3" was taken into possession of the officers prior to that time.

The possession of intoxicating liquor is *prima facie* evi-
[4]  dence that it is kept in violation of law, and the burden of proving lawful possession is upon the possessor.  (Sec. 11079, Rev. Codes 1921.) · So that, when defendant was found in possession of this liquor, it was *prima facie* proof of the fact that he was violating the law relating to intoxicating liquors, within the purview of section 11106.

All of the errors argued in appellant's brief are covered by the foregoing discussion.

We find no error in the record, and the judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

MR. JUSTICE RANKIN, being disqualified, takes no part in the foregoing decision.