MARSALIS MOTORS, Appellant,

v.

J. V. SIMMONS, Appellee.

No. 3439.

Court of Civil Appeals of Texas.

Waco.

May 23, 1957.

After Entry of Remittitur June 6, 1957.

Rehearing Denied June 13, 1957.

Irion, Cain, Bergman & Cocke, Cecil G. Magee, Wilbur T. Knape, Bernard Whitten, Dallas, for appellant.

Don C. Alexander, Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal by Marsalis Motors, a corporation, one of the defendants in the Trial Court, from a judgment against it based upon slander and false arrest. (Parties will be referred to as in the Trial Court). Plaintiff J. V. Simmons sued defendants Marsalis Motors and two individual defendants not involved in this appeal, to wit, P. K. Hodson, Jr., and Gordon Hamilton, for $19,000 general damages by reason of false arrest, imprisonment and slander per se, and for an additional $41,000 exemplary damages. Trial was to a jury, which, in answer to special issues, found: 1) That defendant Gordon Hamilton (sales manager of Marsalis Motors), in the presence and hearing of plaintiff, stated in substance: "There is the thief and this is the stolen automobile." 2) That defendant Gordon Hamilton, in the presence and hearing of other parties, made such statement. 3) That defendant Hamilton, at the time he made such statement, pointed to plaintiff when such statement was made. 4) That the statement was false. 5) That defendant Hamilton was acting in the scope and course of his employment when he made such statement. 6) That defendant Marsalis Motors authorized defendant Hamilton to make such statement. 7) That such statement was approved by defendant Marsalis Motors. 8) That $5,000 will reasonably compensate plaintiff for the actual damage sustained by him by reason of such remarks. 9) That defendant Hamilton acted with malice in making the remarks. 10) That plaintiff is entitled to $7,000 exemplary damages. 11) That plaintiff was arrested by police officers. 12) That such arrest was not warranted. 13) That such arrest was because of defendant Hamilton's acts and statements. 14) That $1,000 would fairly compensate plaintiff for his injuries caused by his arrest. 15) That the occurrences to plaintiff were not due to careless acts or omissions on his part. 16) That the police officers were not acting of their own volition in arresting plaintiff. 17) That defendant Hamilton did *not* advise the police officers that he was *not* concerned with plaintiff but was only interested in the automobile plaintiff was driving.

Both sides filed motions for judgment, after which the Trial Court granted defendant P. K. Hodson Jr.'s motion for judgment non obstante, and granted plaintiff's motion for judgment on the verdict against defendants Marsalis Motors and Gordon Hamilton, in the amount of $9,000 (requiring a remittitur by plaintiff of $4,000). Defendant Marsalis Motors only has appealed.

The record before us reflects that plaintiff J. V. Simmons, about August 1, 1955, purchased a new Mercury automobile from defendant Marsalis Motors, trading in his old car on same; that he took possession

of such new automobile and went about his business; that he carried such automobile back to Marsalis Motors in about ten days for the 200 mile checkup; that in the latter part of August, after an inventory, Marsalis Motors, due to erroneous record-keeping by them, thought that they had an automobile missing, and reported a car of the same description as the car plaintiff purchased, to the Dallas police department as stolen. On 27 August, defendant Hamilton, Marsalis Motors' sales manager, and defendant Hodson, Marsalis Motors' president, were standing in front of Marsalis Motors' building when plaintiff drove by. Defendant Hamilton said to defendant Hodson that "there goes the stolen car". Hamilton and Hodson got in a car and followed plaintiff. Plaintiff stopped at a laundry and went in, at which time defendant Hamilton examined plaintiff's car and defendant Hodson telephoned the police department that they had located the stolen car and to come out. One of the defendants also stopped a woman on the street and asked her to telephone the police that the stolen car had been located. When plaintiff returned to his car from the laundry he drove to his residence—just a few blocks away—followed by defendants. Upon arrival at his residence he was greeted by the arrival of some five police cars with sirens sounding. A number of policemen and other people gathered around. Hamilton told the police that that was the stolen car. Plaintiff testified that Hamilton pointed him out and called him the thief; Hamilton testified that he had no quarrel with the man but was only looking for the automobile. Plaintiff protested that the car was his as he had bought same from Marsalis Motors and named the salesman from whom he bought it. The police arrested plaintiff; carried him to jail; booked him as a car thief; and carried his automobile to the police pound. Hamilton returned to Marsalis Motors, and upon checking the company records found that plaintiff had in fact purchased the automobile and found the mistake in the records which made it appear that a car

was missing. He then called the police and told them there had been a mistake and to release plaintiff. Plaintiff thereafter filed this suit for slander per se, imprisonment and false arrest, and, as noted, recovered a judgment for $9,000 against defendant Marsalis Motors.

Defendant appeals on 24 points: 1) The Trial Court erred in refusing to allow defendant's attorney a reasonable amount of time to examine the court's charge, and present objections thereto. 2) The Trial Court erred in refusing to permit defendant's attorneys to make their objections to the court's charge before submission of same to the jury. 3) The Trial Court erred in refusing and failing to hear defendant's objections to the charge of the court until after submission to the jury and after the jury had retired to the jury room for deliberation, which objections defendants' attorneys attempted to make, present and urge to the court before submission of the charge to the jury, and at a time required by law. 4 through 22) Complain that the special issues submitted are either not sufficient to support a judgment, or are not supported by the evidence. 23) Complains of alleged jury misconduct; and 24) alleges that defendants did nothing more than report a missing automobile, for which reason a new trial should have been granted.

We revert to defendant's first three points, which contend that the Trial Court did not allow sufficient time for defendant's attorneys to examine the charge, nor permit them to make objections prior to submission of the cause to the jury.

The record reflects and the Trial Court's qualification to defendant's Bill of Exceptions states that the instant case went to trial on April 9, 1956, and that both sides closed the testimony in mid-afternoon of April 10th. Thereafter a conference was held by the court with counsel for plaintiff and defendants regarding issues to be submitted to the jury and the theory of submission for both sides was thoroughly discussed. About 5:00 p. m. on April 10th the

court stated he would study the proposed issues overnight and requested counsel to meet in his office at 8:00 a. m. on April 11th. On such morning at approximately 8:15 a. m. defendants appeared and requested issues and thereafter several conferences were held during the morning between the court and both counsel regarding the issues to be submitted. At about 11:00 a. m. defendants' counsel requested additional issues and the court discussed such with counsel for defendants and finally settled on all issues to be submitted to the jury, stating to both counsel the substance of the issues to be included in the court's charge. The final form of the charge was completed at about 1:00 p. m. and presented to counsel for both sides.

Defendants' counsel, at 1:25 p. m., in the court's chambers, requested permission to make objections and exceptions to the court's charge and the court stated that the issues had been thoroughly discussed in conference and that in view of the late hour and the fact that two recesses had been granted to the jury during the time of conferences between the court and attorneys, that the case should be submitted without any additional time being taken and that counsel for both sides would be permitted to make objections and exceptions to the court's charge after the case had been argued and the jury had retired to the jury room to deliberate, with such objections and exceptions to be considered as having been made before the case was submitted. The jury argument began at 2:02 p. m. and concluded at 3:03 p. m., after which attorneys for both plaintiff and defendants dictated their objections and exceptions to the charge of the court, which objections and exceptions were overruled by the court. Full and ample opportunity was given defendants' counsel to make complete objection and exception to the charge of the court after the case was submitted to the jury and such were by the court considered as having been made prior to the time the case was submitted to the jury.

Rule 272, Texas Rules of Civil Procedure, provides that the court's charge shall be submitted to the attorneys for inspection, "and a reasonable time given them in which to examine and present objections." Objections may be in writing or be dictated to the Court Reporter in the presence of the court and opposing counsel, before reading of the court's charge to the jury. Failure of the court to give reasonable time to the parties for examination of the charge shall be reviewable upon appeal.

■ The Trial Court, in the instant case, probably gave the defendants a reasonable time in which to examine and inspect the charge in view of all the facts noted supra. However, the Trial Court committed error in refusing to permit defendant from making objections to the charge prior to reading the charge and submission of the cause to the jury.

The error thus committed by the Trial Court was in direct contravention of the explicit mandate of Rule 272, TRCP. The court did permit, however, as noted, the defendant to make full objections and exceptions to the charge after the case was submitted to the jury, and overruled same. The objections and exceptions made are in the record and are before this court. A careful examination of these objections brings us to the conclusion that the Trial Court correctly overruled same, and that such objections are completely without merit. Moreover, the charge of the Trial Court is likewise before us and we believe that it constitutes a correct submission of the case to the jury.

Rule 434, TRCP, provides that no judgment shall be reversed on the ground that the Trial Court has committed an error of law unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the complaining party as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented

the complaining party from making a proper presentation of the case to the appellate court.

■ Since we have found that the cause was properly submitted to the jury and since we have further found that defendant was given a full opportunity to object to the court's charge (even though not at the proper time), and since such objections are before us, and we find that they are without merit, and that the Trial Court properly overruled same, the error committed by the Trial Court is harmless and falls within the provisions of Rule 434, TRCP, supra.

Further to the foregoing, it is noted that the defendant's request to make his objections was in the judge's chambers and that counsel for defendant did not object or except to the Trial Court's action in open court and in the presence of the Court Reporter so that same would appear in the Statement of Facts. Moreover, defendant did not prepare his bill of exception until 29 June. As of some significance we note in this connection that defendant, in not excepting to the court's action in open court, and in not insisting with more vigor than he did that he be permitted to object to the court's charge before same was read to the jury and the case argued, was either dilatory in asserting his rights, or agreeable with the manner in which the Trial Court was handling the matter. This is further pointed up by the Trial Judge's statement in evidence on motion for rehearing to the effect that at the time of the events under review all parties understood what was taking place, but that since that time one or two of the attorneys acquired a completely different opinion of what transpired. The Trial Court told counsel that their objections would be considered to have been made before the case was submitted. Even though we do not condone the Trial Court's action in not complying with the mandate contained in Rule 272, supra, still we have the feeling that counsel for defendant should have acted more positively and with

greater vigor in protecting and preserving the rights accorded him by the rule, if he did not desire to waive his rights thereunder.

■ Defendant's points 4) through 22) complain generally that the various special issues submitted by the Trial Court are insufficient to support a judgment for the plaintiff, or that the evidence is insufficient to sustain the findings to the various issues. We think the Trial Court properly submitted the case; that the answers to the issues are sufficient to support a judgment for plaintiff; and that the findings to the various issues are amply supported by the evidence.

Point 23) complains of misconduct on the part of the jury. This was before the Trial Court on motion for rehearing, and resolved against defendant. We find no merit in this contention.

Point 24) finds its answer in Special Issue 17 as well as in the record as a whole.

We have carefully examined all of defendant's points and the contentions made thereunder and same are overruled.

■ We come now, however, to a consideration of the judgment before us for review. The jury awarded plaintiff $5,000 actual damages for slander; $1,000 actual damages for false arrest; and $7,000 exemplary damages. The Trial Court, on its own motion, caused a remittitur of $4,000 to be made and entered a judgment for plaintiff for $9,000. After studying the record in this case, we are of the view that the $9,000 judgment entered by the Trial Court is still excessive in the sum of $1,000, and that this case should be reversed for that reason only. However, plaintiff is given 10 days from this date in which to file a remittitur of $1,000. Rule 440, TR CP; State v. Meyers, Tex.Civ.App., 292 S.W.2d 933, W/E Ref.N.R.E. If such remittitur is filed within the time indicated,

the judgment of the Trial Court will be reformed and affirmed.

Reversed and remanded.

### After Entry of Remittitur.

Appellee having filed a remittitur in the amount of $1,000, as suggested by the former opinion of this court, the judgment of the Trial Court is reformed in conformity with said remittitur, and as reformed, is affirmed.

Costs of appeal to date of remittitur are taxed against appellee.

Reformed and affirmed.