James A. LEVINE, Appellant,

v.

L. D. ENLOW, Appellee.

No. 4969.

Court of Civil Appeals of Texas, Waco.

Dec. 22, 1970.

Rehearing Dismissed Jan. 21, 1971.

5. Cf. Scott v. Liebman, 404 S.W.2d 288, 294 (Tex.Sup., 1966).

Goldberg, Alexander & Baker, G. D. Sullivan, Dallas, for appellant.

W. John Allison, Jr., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Levine from a judgment for plaintiff Enlow, in a suit for damages for assault and battery and false imprisonment.

Plaintiff sued defendant owner of Great Southwest Patrol for damages for assault and battery and false imprisonment, growing out of plaintiff's forceful detention by defendant's agent Leath on October 8, 1967. Plaintiff alleged he was handcuffed, searched, taken before a woman for possible identification, held in a car with a shotgun pointing at him, accused of being a peeping Tom and of having committed burglary and theft, and turned over to the Dallas police. Plaintiff sought $13,000 damages. Trial was to a jury which found:

1) On the occasion in question Gary L. Leath committed an assault and battery on plaintiff Enlow.

2) $8000 will fairly and adequately compensate plaintiff for injuries caused by the wrongful conduct of Leath, (above) taking into consideration his embarrassment humiliation, mental pain, and loss of wages.

3) On the occasion in question Gary L. Leath falsely imprisoned plaintiff.

4) $5000. will fairly and adequately compensate plaintiff for injuries caused by the wrongful conduct of Leath, (above), taking into consideration his embarrassment, humiliation, mental pain and loss of wages.

The trial court entered judgment on the verdict for $13,000. Defendant filed motion for new trial, which the trial court overruled, but found the judgment theretofore entered was excessive in the amount of $5500. and ordered remittitur of such

amount and entered judgment for plaintiffs for $7500.

Defendant appeals on 13 points asserting:[1]

1) There is no evidence to support finding Number 1, and such is against the great weight and preponderance of the evidence.

2) There is no evidence to support finding Number 3.

3) There is no evidence to support finding Number 2, and such is against the great weight and preponderance of the evidence, and is excessive.

4) There is no evidence to support finding Number 4, and such is against the great weight and preponderance of the evidence and is excessive.

Plaintiff by cross point asserts the trial court abused its discretion in requiring the $5500. remittitur.

On October 8, 1967 at about 2 A.M. plaintiff had been to Kingswood apartments to see a friend. The friend was not at home, and plaintiff started toward his car parked in the parking lot when Gary Leath, employee of defendant, stopped him and asked for identification. Plaintiff furnished Leath his Driver's License and Selective Service Card and other papers. Leath then informed plaintiff he was going to take him to an apartment for the purpose of having a woman take a look at him. As they approached the door of the apartment Leath ordered plaintiff to "Hit a brace on the wall", and frisked and handcuffed plaintiff's hands behind his back. Plaintiff had offered no resistance or insults prior to being frisked and handcuffed. Leath took plaintiff before Mrs. Chris Gordon in her apartment and asked her "Is this the man?" When she replied "No", Leath became angry and called his employer "I have got the man out here", and then called the Dallas Po-

lice inquiring if plaintiff was wanted for burglary or theft or on any other account. Leath then pulled his pistol out and told plaintiff "to get in the corner"; and to "shut up". Leath then ordered plaintiff outside to Leath's automobile where while still handcuffed plaintiff was shoved onto the floor of the back seat of Leath's automobile, at which time Leath pointed a shotgun at plaintiff with instructions to plaintiff to sit tight, and then locked plaintiff inside the automobile, keeping the shotgun on him. This lasted some 15 or 20 minutes when the Dallas police arrived. Plaintiff was unhandcuffed and taken to Dallas police department and informed as to the nature of his imprisonment as being suspicion of a prowler, peeping Tom, burglar and thief. The Dallas police subsequently released plaintiff without accepting or filing any charges against him, at approximately 5:58 A.M.

Plaintiff was scared and frightened, when in custody and particularly when the gun was pointed at him. He was embarrassed and humiliated when he found it necessary to tell his boss at Texas Instruments that he had been accused of suspicion of being a peeping Tom, burglar and a thief. Plaintiff suffered from loss of sleep so severe that he felt it caused him to lose his job. He lost a month's pay when out of work and later took a job for less money than he had been making.

The record reflects that plaintiff was a man of good reputation, a church member, and that a number of people learned of his arrest, restraint and ordeal.

Defendant offered no evidence whatsoever, requested no issues or instructions and made no objection to the court's charge as submitted to the jury.

█ There is ample evidence to sustain the jury's findings to the issues submitted, and same are not against the great weight and preponderance of the evidence. S. S.

1. Points 4, 5, 8 and 10 were not raised in plaintiff's motion for new trial.

Kresge v. Prescott, Tex.Civ.App. (NRE), 435 S.W.2d 203; Skillern and Sons, Inc. v. Stewart, Tex.Civ.App. (NRE), 379 S.W.2d 687; Marsalis Motors v. Simmons, Tex.Civ. App. (NRE), 303 S.W.2d 510.

Plaintiff by cross point asserts the trial court abused its discretion in ordering the remittitur. From a review of the record as a whole we cannot say the trial court's order of remittitur is manifestly unjust. Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835.

All defendant's points and contentions and plaintiff's counterpoint are overruled.

Affirmed.